Charles H. Marshall et al. v. J. W. Watson.

Decided April 28, 1897.

**Jurors—Misconduct.**

Where two of the jurors, during the progress of the trial, dined at a restaurant with plaintiff and at his expense, a verdict in his favor should be set aside. It is impossible in such a case to determine whether harm or improper influence resulted, and the best policy is to prevent it altogether.

Appeal from the County Court of McLennan. Tried below before Hon. W. H. Jenkins.

*Lindsey & Smith*, for appellants.—The depositions of the witness Lucretia Watson had been previously taken and returned into court, and on the motion of appellant the same had been suppressed. Thereupon, without further notice to defendants in the action, the plaintiff sued out another commission on the same interrogatories and cross-interrogatories, and had the depositions of the same witness (Mrs. Watson) retaken and filed in court, which depositions were read over the objections of defendants on the trial. This was error. Rev. Stats., arts. 2278, 2279, 2280; Evansich v. Railway, 61 Texas, 24.

Whenever a note, or other negotiable paper, shows on its face a material alteration, it is not admissible in evidence as the basis of an action until such alteration has been satisfactorily explained to the court, which explanation must show that said payee, or party attempting to enforce it, is without fault either in making said alteration or in attempting to enforce the obligation in its altered form. Park v. Heirs of Glover, 23 Texas, 469; Taylor v. Moore, 20 S. W. Rep., 53; 1 Greenl. on Ev., sec. 564; 2 Dan. on Neg. Inst., sec. 1413.

The allegata and probata must correspond. Plaintiff was suing upon a note bearing interest from date, and the court charged the jury that they might find upon a note bearing interest from maturity. Hunt v. Wright, 13 Texas, 549; Brown v. Martin, 19 Texas, 343; 1 Chitty on Pleading, 305.

The entertainment by one of the litigants of members of the jury, while the cause is on trial, is ground for a reversal of a judgment for such litigant on a verdict rendered in his favor, and more especially when such litigant is attempting to enforce, in its altered and enlarged form, a note altered by his direction. Railway v. Schroeder, 25 S. W. Rep., 306; Johnson v. Hobart, 45 Fed. Rep., 542; Vose v. Muller, 36 N. W. Rep., 583.

The sureties on an appeal bond are discharged where a judgment from which an appeal is taken is reversed as to the principal appellant. Sartain v. Hamilton, 14 Texas, 348; Blair v. Sanborn, 82 Texas, 686; Smith v. Doak, 3 Texas, 215; Washington v. Johnson, 34 S. W. Rep., 1041.

No briefs for appellee were on file.

FISHER, ASSOCIATE JUSTICE.—This suit was by appellee, Watson, against Charles Dunning and Marshall, as the makers of a certain promissory note. Dunning was principal and Marshall was surety. The defense pleaded was that the note, since its execution, had been altered in a material respect. There was some evidence both ways bearing upon this question.

The judgment below was rendered in favor of appellee against appellant Marshall, and in favor of defendant Dunning. Marshall alone appeals.

During the progress of the trial, and a temporary adjournment of the court, two of the jurors who had been selected to try the case were invited—so the affidavit in the record tends to show—by the plaintiff to a restaurant for dinner, and it appears that they and the plaintiff took their dinners together, which were paid for by the plaintiff. There are two affidavits in effect setting up these facts, which were brought to the attention of the trial court, after the verdict was rendered, by motion for a new trial. The court overruled this ground as well as the other grounds of the motion. The action of the court in this respect presents what we consider the material question in this appeal. These affidavits were not contested, so far as is shown by the record.

The policy of the law is that the jurors selected shall not only be impartial at the time this is done, but shall remain so during the progress of the trial. The party who is to be affected by their verdict ought not to be suffered to approach them and confer favors and benefits upon them. While his purpose and intention may be ever so innocent, still it may have the effect of producing an influence that possibly he did not foresee. If a practice of this character was permitted to go unchallenged, it would be difficult to draw the line and say when it should cease, and the best policy to pursue is to prevent it altogether. It is impossible, in cases where questions of this kind arise, to determine whether harm or injury or improper influence resulted, and an effort to ascertain the truth in that respect would be altogether speculative.

In the case of Gulf, Colorado & Santa Fe Railway Company v. Schroeder, 25 Southwestern Reporter, 306, the successful plaintiff and a juror were discovered in close conversation outside of the courtroom after all the evidence was in and when the balance of the jury were in the box. What was said and the character of conversation was not disclosed, but the court held that this was not necessary to be shown, as the secret communication between the juror and the party, under the circumstances, was reversible error. In Johnson v. Hobart, 45 Federal Reporter, 542, the successful party furnished meals to the jury, and the court there said: "All trials by jury ought to be effectually guarded against any kind of influences by which a party may derive any possible advantage." And for the reason stated the verdict was set aside.

In Vose v. Muller, 36 Northwestern Reporter, 583, the successful party, during the progress of the trial and while the court had adjourned

for dinner, took two members of the jury into a public liquor saloon and there treated them. Held, to be reversible error.

In the case of Ensign v. Harney, 18 Northwestern Reporter, 73, during recess of the court from Saturday to Monday, two of the jurors selected in the case borrowed from the attorneys of the successful party a horse and buggy to carry them home, a distance of twelve miles, and in which they returned on the following Monday. For the misconduct in this respect the court, in reversing the case, said: "Where a juror is accepted as impartial, he must remain so during the trial. To permit him to accept favors from either party is to put him under obligations to such party, the tendency of which is to bias his judgment. Nor is it material that such favors were not intended to influence the juror, as it can not be determined how far they may have had that effect, and such conduct will vitiate the verdict."

In Walker's case, 11 Georgia, 203, a juror selected for the trial spent the night at the house of one of the parties, free of charge. The verdict in favor of such party was set aside.

In Walker v. Hunter, 17 Georgia, 414, two jurors spent the night at the house of counsel of the successful party. The verdict was set aside.

In Springer v. State, 34 Georgia, 381, counsel for the prosecution kept the horses of some of the jurors, without charge. The verdict against the defendant was set aside.

In Redmond v. Insurance Company, 7 Philadelphia, 167, several of the jurors took meals, free of charge, in a restaurant kept by a person who was interested in the verdict. For this reason the verdict and judgment were set aside.

For the reasons stated, the judgment of the court below will be reversed and the cause remanded.

We have examined into the other questions presented, and think that the rulings complained of were proper.

*Reversed and remanded.*