SAN ANTONIO & A. P. RY. CO. v. WELLS.

(Court of Civil Appeals of Texas. Galveston. March 18, 1912. Rehearing Denied April 4, 1912.)

1. CONTINUANCE (§ 26*)—GROUNDS—ABSENCE OF WITNESS.

A party is not entitled to a continuance, as a matter of right, because of the absence of a material witness, unless he has availed himself of the means provided by law for securing his attendance.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

2. CONTINUANCE (§ 26*) — GROUNDS—NECESSITY OF DILIGENCE.

The trial court does not abuse its discretion in refusing a continuance on the ground that a material witness is disabled and unable to be present, where the moving party does not show how long the witness has been disabled, since, if this fact were shown, it might appear that diligence would have required the taking of a deposition.

[Ed. Note.—For other cases, see Continuance, Cent. Dig. §§ 74–93; Dec. Dig. § 26.*]

3. APPEAL AND ERROR (§ 742*)—BRIEFS—ASSIGNMENTS OF ERROR—STATEMENTS.

An assignment of error to which there is subjoined no statement, as required by rule 31 (142 S. W. xii) for courts of Civil Appeals, cannot be considered.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

4. APPEAL AND ERROR (§ 742*) — ASSIGNMENTS OF ERROR—PROPOSITIONS.

A proposition that a verdict was against the great weight and preponderance of the testimony, under an assignment that the evidence failed to show defendant's negligence, will not be considered, since it raises a different question of law than that raised by the assignment, which is based upon an entire failure of proof.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 3000; Dec. Dig. § 742.*]

5. NEW TRIAL (§ 143*)—MISCONDUCT OF JURY —AFFIDAVITS OF JURORS.

Under Rev. St. 1895, art. 1371, as amended in 1905 (Acts 29th Leg. c. 18) to provide that, on motion for a new trial for misconduct of jurors, it shall be competent to prove such misconduct by the jurors or others by examination in open court, the jurors' testimony is competent to prove such misconduct only where it is given in open court, and not where it is given in the form of ex parte affidavits.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 290–296; Dec. Dig. § 143.*]

Appeal from District Court, Lavaca County; M. Kennon, Judge.

Action by W. P. Wells against the San Antonio & Aransas Pass Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Patton & Schwartz, of Hallettsville, for appellant. Paulus & Ragsdall and R. B. Allen, all of Hallettsville, for appellee.

McMEANS, J. W. P. Wells, the appellee, hereafter called the plaintiff, suffered a fracture of the patella, or kneecap, while in the employment of the appellant, hereafter called the defendant, and while in the discharge of his duties as a brakeman on one of defendant's freight trains. He rested his right of recovery upon two grounds of negligence of the defendant, one of which was in permitting a hole to be in the ground in or near the track, into which plaintiff stepped while attempting to mount the caboose of the train upon which he was engaged, and which was in motion; and the other was the act of the engineer of said train in pulling out of the station at Sublime in an unusually rapid rate of speed, knowing that plaintiff would have to mount the caboose when it reached him. The defendant answered by general denial and by a special plea of contributory negligence. A trial resulted in a verdict and judgment for plaintiff, from which the defendant, after its motion for a new trial had been overruled, has appealed.

[1, 2] The first assignment of error complains of the action of the court in refusing to grant defendant's first motion for a continuance on account of the absence of the witness Whitley. The application showed that the witness was an employé of defendant, and that no subpœna had been served upon him, but that the witness was under defendant's control, and that a request had been made upon the officers of defendant to have the witness in court at the time of the trial, and that the witness had been directed to attend, but, owing to an injury he had received, which confined him to his bed, the witness was unable to be present. It was not known by the attorneys of defendant until the day of the trial that the witness would not be able to attend. The facts to be proved by this witness were material. We think proper diligence was not shown. We may concede that the failure to have the witness summoned by a subpœna would not be a want of diligence where, had the writ been served, it could not, in view of the witness' injury, have secured his attendance. But to entitle defendant to a continuance as a matter of right, it was incumbent upon defendant to show that it had availed itself of the means provided by law for securing his attendance; and this it did not show. The application, then, was addressed to the sound discretion of the court. The application did not show when Whitley was injured. For aught that appears in the application, he may have been disabled for months. We think, therefore, that, in the absence of a showing as to when the witness became disabled, it cannot be held that diligence was shown; for the exercise of such diligence, had it resulted in discovering to defendant the witness' disability, might have required the taking of his deposition. We think the court did not abuse its discretion in refus-

ing the continuance, and the assignment is overruled.

[3] The second assignment complains that the court erred in the sixth paragraph of its charge to the jury. There is no statement under the assignment, and it is lacking in the essentials provided by the rules to require our consideration of it. Rule 31 (142 S. W. xii).

[4] The third assignment of error is as follows: "The court erred in overruling appellant's motion for a new trial, made on the ground that the verdict of the jury was against the evidence and against the law of the case, in this, to wit: The pleadings of the plaintiff allege that his injury resulted from the negligent operation of defendant's train, and its negligence in permitting a hole to remain in and near its track in its yard at Sublime; and the evidence showed that the rate of speed at which defendant's train was being operated on the occasion was such as was usual and customary, and such as to render it safe for an experienced brakeman to board the same; and the evidence also failed to show the existence of any hole in or near its track at said place, or that the injury of plaintiff was the result of either of said alleged grounds of negligence."

The assignment is followed by the proposition that the court should set aside a verdict which is against the great weight and preponderance of the testimony. We could well refuse to consider the assignment, because it is not followed by a sufficient statement under the rules. We decline to consider the proposition, for the reason that, while the assignment states that the court should have granted a new trial, because the evidence failed to show negligence of the defendant in the matters pleaded by plaintiff, the proposition is that the verdict should be set aside because against the great weight and preponderance of the evidence. In other words, the assignment is based upon an entire lack of evidence to support the verdict, while the proposition is that the verdict is against the great weight and preponderance of the testimony.

In Railway v. Raney, 86 Tex. 367, 25 S. W. 13, our Supreme Court says that an "assignment which asserts that there was no evidence before the jury upon which the verdict could be based does not call upon us to decide whether or not the evidence is sufficient to sustain the verdict of the jury."

The same court, in Railway v. Shelton, 96 Tex. 301, 72 S. W. 165, says: "The object in requiring assignments to be made, accompanied by propositions of law, is to direct the mind of the appellate court to the very point upon which it is claimed the trial court committed error; and, when a party has thus presented his case and specified his objections to the ruling of the trial court, he thereby waives any other objections which might have been presented under the assignment of error."

As we cannot consider the point raised by the proposition, we are confined to the question raised by the assignment: Was there any evidence upon which the verdict could have been based? We cannot say there was no evidence sufficient to submit to the jury the question of negligence on the part of the defendant in the particulars alleged by the plaintiff; but, on the contrary, an examination of the evidence in the record discloses that it was sufficient to require the submission of the issue to the jury. The assignment is overruled.

[5] It is contended by the fourth and fifth assignments that the court should have granted to defendant a new trial because of the improper conduct of the jury after the case had been submitted to them, and during their deliberations. The conduct complained of as improper was shown by the affidavits of two of the jurymen, attached to the motion, and consisted in the statement by some member of the jury, during their deliberations, that the plaintiff's attorneys would get half of whatever sum the plaintiff would be awarded, and that if a small amount were awarded plaintiff would receive but little; that this matter was discussed somewhat fully, and the affiants believe that the same entered into the consideration and determined of the amount of the verdict.

Prior to 1905, the appellate courts of this state passed upon numerous attacks made upon verdicts of juries, supported by affidavits of jurors setting up irregularities or improprieties of different kinds occurring in their deliberations, and uniformly denied the competency of such testimony to establish the alleged facts. Railway v. Ricketts, 96 Tex. 71, 70 S. W. 315, and authorities cited. But in 1905 the Twenty-Ninth Legislature (Acts 29th Leg. c. 18), by an amendment to article 1371, Revised Statutes, added the following: "Where the ground of the motion is on account of misconduct of the jury or of the officer in charge, or because of any communication made to the jury, or because the jury received other testimony, the court shall hear evidence thereof, and it shall be competent to prove such facts by the jurors or others by examination in open court." This amendment was adopted with a full knowledge, no doubt, of the rule announced in the Rickett's Case, and was doubtless intended to abrogate the rule to the extent of making it permissible to prove by jurors, by an examination in open court, any misconduct of the jury which might have affected the rights of the complaining party. But it is clear that the Legislature intended that any such attack should be supported by evidence adduced in open court, where the juror could be subjected to a cross-examination by the opposing party, and that it was not intended to abrogate the rule that forbade proof by the ex parte affidavit of the jurors. If we are correct in this, it follows that the facts relied upon by defendant for a new trial could

not be established by the affidavits of the jurors attached to the motion.

We might add that the only effect the misconduct complained of could have had on the jury would be to cause them to return a verdict for a larger amount than they might otherwise have done; but appellant nowhere in his brief complains that the verdict is excessive.

We find no reversible errors in the record, and the judgment of the court below is affirmed.

Affirmed.