From the foregoing it follows that it is the opinion of the court that a reversal should be ordered, and it is accordingly done.

### On State's Motion for Rehearing.

LATTIMORE, J. This case was carefully considered by each member of this court upon original presentation, and nothing new appears in the state's motion for rehearing. We have often asserted the right of the accused to an affirmative presentation of his defensive theory, if any, raised by the evidence on the trial, and that a mere negative presentation of such theory in connection with the affirmative charge in favor of the state, applying the law to the facts, will not suffice. We further are of opinion that the testimony given by the witness Calvert relative to a statement made by appellant, which is denied by the latter, is not sufficient affirmative evidence establishing the fact of malice on the part of appellant, to remove the issue of malice vel non from that of being a matter of dispute on the trial. At the time of the statement claimed by Mr. Calvert to have been made by appellant, the child was not born, and such statement is easily susceptible of the proposition that the thing most had in mind by appellant was the preservation of the good name of the prospective mother of the child, and that said statement, as same related to the child, was of but secondary importance in the mind of the appellant.

The matters urged in the motion as of weight against our conclusion that, under the facts, a charge submitting the issue of accomplice testimony as applicable to the testimony of Mrs. Keahey, are none of them admitted facts, but all are combatted by the accused. In such condition of the record it was the duty of the trial court to submit the law applicable and permit the jury to solve the disputed issues of fact under full and complete instructions as to the law.

Being of opinion that the case was rightly decided upon the original hearing, the state's motion for rehearing will be overruled.

---

## RATLIFF v. FORT WORTH & R. G. RY. CO. (No. 6486.)

(Court of Civil Appeals of Texas. Austin. Nov. 1, 1922.)

1. **New trial ⬳140(1)—Affidavits attached to motion for new trial not considered as evidence.**

Affidavits attached to motion for new trial on the ground of misconduct or mistake on the part of the jury cannot be considered as evidence of such misconduct or mistake.

2. **New trial ⬳95—Disclosure of certain fact during trial which plaintiff had not told his attorney held not ground for new trial.**

That plaintiff's attorney was ignorant of a certain fact which was disclosed during the trial by plaintiff's own testimony *held* not ground for a new trial, on theory that the counsel was thereby prevented from proving certain fact, where no satisfactory reason was given why such fact had not been disclosed by plaintiff to his counsel nor why the attorney did not inquire about the matter previous to the trial, and where it did not appear that plaintiff's counsel had asked for a continuance or postponement.

3. **Trial ⬳326—Verdict held sufficient notwithstanding unusual form.**

In action against railroad for delay in shipment of hogs, verdict, reading, "We, as the jury, find plaintiff did not prove that defendant did not perform its obligation. Therefore we find in favor of the defendant," *held* sufficient, notwithstanding unusual form in which it was given, since the verdict was for defendant, and the jury merely undertook to assign as a reason for their conclusion that the plaintiff had not made out a case.

4. **Carriers ⬳228(5)—In shipper's suit for delay in shipment, evidence held not to warrant verdict for defendant.**

In shipper's action against railroad for delay in transportation of live stock, in which the railroad presented no evidence, but rested the case upon the theory that plaintiff had failed to make out a cause of action, plaintiff's evidence *held* to warrant jury in returning a verdict for defendant.

Appeal from Brown County Court; R. E. Lee, Judge.

Suit by B. E. Ratliff against the Fort Worth & Rio Grande Railway Company. Judgment for defendant, and plaintiff appeals. Affirmed.

E. J. Miller, of Brownwood, for appellant. McCartney, Foster & McGee, of Brownwood, for appellee.

BRADY, J. Appellant sued appellee for damages, for alleged delay in transit of a shipment of about 200 head of hogs, shipped over the line of defendant railway company, from Menard, Tex., to Witherspoon-McMullen Live Stock Commission Company, at Fort Worth, Tex. It was alleged that the hogs were loaded on the cars at Menard, about noon of December 13, 1917, and that, with reasonable care and dispatch, they should have been delivered to the consignees at Fort Worth not later than 8 o'clock on the following morning, but that, by the negligence of the defendant, they were not delivered to the consignees at destination until 3 o'clock p. m. of that day, which was too

late for the day's market. The necessary allegations as to decline in market price and sale on a lower market were made as a basis for the damages claimed. It is not necessary to state the defenses pleaded.

The railway company presented no evidence but rested the case upon the theory that the plaintiff had failed to make out a cause of action. The jury returned the following verdict:

"We, as the jury, find plaintiff did not prove that defendant did not perform its obligation. Therefore we find in favor of the defendant."

Upon this verdict, judgment was rendered for appellee.

[1] There are several grounds urging that there was misconduct or mistake on the part of the jury, as set out in the motion for new trial, and which it is claimed require a reversal. In support of the claimed mistake on the part of the jury, in interpreting the evidence, certain affidavits were attached to the motion for new trial, and the attorney for appellant testified that he was ignorant of the fact that appellant did not himself accompany the shipment, and was thus misled and prevented from proving the exact time of the delivery of the shipment at Fort Worth, because of the absence of the caretaker. These affidavits we are unable to consider as evidence, as held by this court in Southern Traction Co. v. Wilson, 241 S. W. 636. See, also, Ry. v. Kelley (Tex. Civ. App.) 142 S. W. 1005; Ry. v. Wells (Tex. Civ. App.) 146 S. W. 645; Hines v. Parry (Tex. Civ. App.) 227 S. W. 339. There was no other evidence offered on the hearing of the motion.

[2] As to the surprise relied upon by appellant, it does not appear that any continuance or postponement was sought, although the fact that appellant did not accompany the shipment developed on the trial of the cause by his own testimony. Furthermore, there is no satisfactory reasons given why this fact was not disclosed by appellant to his counsel, nor why his attorney did not inquire about the matter previous to the trial. We are of the opinion that the court did not err in overruling the motion for new trial as to the matters just discussed, and the assignments raising these questions are overruled.

[3] It is further contended by appellant that the case should be reversed because the verdict and judgment are against the overwhelming weight of the evidence, and also the uncontradicted evidence. On the other hand, appellee insists that appellant did not make out a prima facie case, and therefore the verdict was authorized. There is some point made about the form of the verdict, which is rather unusual; but we think there is no merit in the suggestion that it is not a proper verdict, in the light of the pleadings and the evidence. The verdict was in favor of the defendant, and the jury merely undertook to assign a reason for their conclusion, which was, in effect, that the plaintiff had not made out a case.

[4] Upon the claim that the verdict is unsupported by the evidence, and in the face of the uncontradicted testimony, we have read the facts in the record very carefully. The only evidence relied upon by appellant to show a failure to deliver within a reasonable time is the testimony of the witness R. C. Brauer, who was a hog and sheep salesman for the commission company to which the hogs were consigned. He did not undertake to state specifically when the shipment arrived at Fort Worth, but did testify that—

"I did not sell them on the 14th of December, because they did not reach the market in time to be sold that day."

He also testified that the Fort Worth market opens about 8:30 a. m. and closes about 1 or 1:30 p. m.; that the most active market is usually from 9 to 11 o'clock, after which it becomes sluggish; that it takes two or three hours to put hogs in proper condition for market after their arrival. It thus appears that plaintiff did not prove when the shipment arrived at Fort Worth, and was delivered to the commission company, unless this was done by the statement of Mr. Brauer that the hogs "did not reach the market in time to be sold that day," meaning December 14th. We are of the opinion that, in deference to the verdict of the jury, it must be held that plaintiff did not prove his case. The only evidence on this point was that the hogs were late in reaching the market, and there is no evidence to show when the carrier delivered them to the consignee, nor how much time the consignee consumed in preparing the shipment for the market. In this state of the evidence, the jury may well have concluded, as they evidently did, that the shipment was delivered by the railway company on time to the consignee, but that in some way there was delay in getting the hogs properly prepared to place on the market on the day of the arrival. The affidavits attached to the motion for new trial, which are proper to be considered as pleadings, show that the time of delivery could have been readily ascertained by counsel for plaintiff, and it appears could easily have been proved. The failure to do so must be imputed to want of diligence. Defendant was entitled to rely upon the failure of plaintiff to make a case by the evidence.

While appellant has made a fair showing of apparent injustice in this case, it must be determined upon legal principles, and without doing violence to the rights of defendant. To reverse the case for another trial would be, in our opinion, to penalize the defendant and to deprive it of the substantial right of

a judgment, on the failure of the plaintiff to make a case. Therefore the judgment will be affirmed.

Affirmed.

JENKINS, J., not sitting.