HARRIS et al. v. SMITH.    (No. 587–4053.)

(Commission of Appeals of Texas, Section A. Oct. 29, 1924.)

1. New trial ⬳143(2)—Ex parte affidavits of jurors attached to motion for new trial are not "evidence" showing misconduct of jury.

Ex parte affidavits of jurors attached to motion for new trial are not "evidence" within Rev. St. art. 2021, to show misconduct of jury, but are considered part of pleadings.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Evidence.]

2. New trial ⬳154—Defendant held to have abandoned motion for new trial on ground of misconduct of jury.

Where defendant in trial court failed to offer evidence as to alleged misconduct of jury under Rev. St. art. 2021, trial court was justified in believing he abandoned that part of his motion for new trial, so that, in absence of such evidence, there was nothing before trial court on that question to be determined.

Error to Court of Civil Appeals of Fourth Supreme Judicial District.

Action by R. K. Harris and others against T. R. H. Smith. Court of Civil Appeals reversed judgment for plaintiffs (252 S. W. 836), and plaintiffs appeal. Reversed, and judgment of trial court affirmed.

Bryan, Stone, Wade & Agerton, of Fort Worth, for appellants.

H. L. Stuart, of Oklahoma City, Okl., for appellee.

Hawkins, Hawkins & David, of Breckenridge, amicus curiæ.

CHAPMAN, J.    The Court of Civil Appeals of the Fourth District reversed this case upon the sole ground of alleged communication by the trial judge with the jury after the jury had begun to deliberate on their verdict.    This matter was presented to the trial court by three affidavits attached to the motion for new trial.    The substance of these affidavits is that the trial judge, after postponing another case, walked from the bench through the doorway that opens from the courtroom into the juryroom and left the door open and remained just inside the doorway in the juryroom for a short time, and had a short conversation with some of the jurors, and one of the jurors handed the judge a paper which was by the judge returned to the juror, and then the jurors left the juryroom and the judge returned to the bench.    Neither of the affiants understood any of the conversation between the judge and the jurors, nor is any attempt made in the motion for new trial in any way to state any part of this conversation.    No evidence whatever was offered as to what the communication was by the court with the jury, and no hearing was had on that matter, and no bill of exception was reserved on this question except the general bill based on the order of the court overruling the motion for new trial, and all that appears in the record in regard to the alleged communication by the court with the jury is the three affidavits that were attached to the motion for new trial.    Plaintiff in error insists that the defendant in error having failed to offer any evidence to support the allegation of communication by the court with the jury, that there was nothing before the trial court to be passed on in regard to this matter, and that the Court of Civil Appeals erred in reversing the case.

[1] Prior to the enactment in 1905 of article 2021 of the Revised Civil Statutes, our Supreme Court held that affidavits of jurors attached to motion for new trial alleging misconduct of the jury was not evidence of such misconduct. Letcher & Moore v. Daniel Morrison, 79 Tex. 240, 14 S. W. 1010; St. Louis S. W. Ry. Co. v. R. F. Ricketts et al., 96 Tex. 68, 70 S. W. 315.

Our construction of article 2021 is that, if communication by the court with the jury has been alleged in the motion for new trial, the only way for the court to determine whether a new trial shall be granted because of such communication is for the court to hear evidence thereon by examination in open court. We think that such was clearly the intention of the Legislature in passing this act. Ex parte affidavits attached to motion for new trial are not evidence to show misconduct of the jury, but are considered part of the pleadings, and such has been the holding by our Courts of Civil Appeals in many cases, some of the most explicit ones being as follows: Jones v. Wichita Valley Ry. Co. (Tex. Civ. App.) 195 S. W. 890; Dallas Consolidated Electric Street Ry. Co. v. Kelley (Tex. Civ. App.) 142 S. W. 1005; Morales v. Cline (Tex. Civ. App.) 202 S. W. 754; Hines, Director General, v. Parry (Tex. Civ. App.) 227 S. W. 339; Ratliff v. Ft. Worth & Rio Grande Ry. Co. (Tex. Civ. App.) 245 S. W. 83.

[2] The defendant in the trial court having failed to offer any evidence as to the alleged misconduct of the jury, the trial court was justified in believing that the defendant had abandoned this part of his motion for new trial; and, in the absence of such evidence, there was nothing before the trial court on this question to be determined, and we are of the opinion that the Court of Civil Appeals erred in reversing the case on this ground. The Court of Civil Appeals considered all other matters raised by the appellant in that court, and in our opinion correctly disposed of same by finding no error therein. We recommend that the judgment of

the Court of Civil Appeals be reversed, and the judgment of the district court affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.