**PUETT v. BRADY.   (No. 2253.)**

Court of Civil Appeals of Texas. El Paso.
April 11, 1929.

Rehearing Denied May 16, 1929.

Thomas, Storey & Grady, of Dallas, for appellant.

W. H. Adkins, of Brady, and John W. Craig, W. O. Scott, and J. H. Synnott, all of Dallas, for appellee.

HIGGINS, J.   The assignments and propositions submitted by appellant relate solely to alleged misconduct of the jury and communications by the trial judge with the jury during its deliberation on the verdict.

There is no statement of facts in the record. The amended motion for new trial setting up the alleged misconduct of the judge and jury is verified by appellant's affidavit. The bill of exception supporting the assignments affirmatively shows that no evidence was offered in support of the motion.

In Smith v. Harris, 252 S. W. 836, the Court of Civil Appeals reversed the case solely because of alleged communications by the trial judge with the jury during the latter's deliberation; the matter having been presented to the trial court by three affidavits attached to the motion for new trial.

In reversing the action of the Court of Civil Appeals, Judge Chapman of the Commission of Appeals said: "Our construction of article 2021 is that, if communication by the court with the jury has been alleged in the motion for new trial, the only way for the court to determine whether a new trial shall be granted because of such communication is for the court to hear evidence thereon by examination in open court. We think that such was clearly the intention of the Legislature in passing this act. Ex parte affidavits attached to motion for new trial are not evidence to show misconduct of the jury, but are considered part of the pleadings, and such has been the holding by our Courts of Civil Appeals in many cases, some of the most explicit ones being as follows: Jones v. Wichita Valley Ry. Co. (Tex. Civ. App.) 195 S. W. 890; Dallas Consolidated Electric Street Ry. Co. v. Kelley (Tex. Civ. App.) 142 S. W. 1005; Morales v. Cline (Tex. Civ. App.) 202 S. W. 754; Hines, Director General, v. Parry (Tex. Civ. App.) 227 S. W. 339; Ratliff v. Ft. Worth & Rio Grande Ry. Co. (Tex. Civ. App.) 245 S. W. 83."

See 265 S. W. 546.

Upon the authority of that case it is plain that, since no evidence was offered in support of the alleged misconduct of the judge and jury, no error is shown in the action of the trial court in overruling the motion for new trial.

Affirmed.