### KING et al. v. REID et al. (No. 1892.)

Court of Civil Appeals of Texas. Beaumont. Jan. 11, 1930.

Smith & Lanier, of Jasper, for appellants.
V. H. Stark and Earnest L. Reid, both of Orange, G. E. Richardson, of Jasper, and John Forse, of Newton, for appellees.

HIGHTOWER, C. J. The appellees, as independent executors of the estate of E. L. Reid, deceased, filed this action in trespass to try title in the district court of Newton county against appellants, George King and Charlie King, to recover the title and possession of a tract of 138⅜ acres of land in Newton county patented to Elijah Lindsey in 1900, and fully described in appellees' petition. Appellants' answer consisted of a general denial, plea of not guilty, and a plea of ten-year limitation. The case was called for trial March 11, 1929, with a jury, and resulted in a verdict and judgment in favor of appellees for the land sued for by them.

It was admitted upon the trial that record title to the tract of land involved was in the appellees, and that they were entitled to recover the same in this action, unless defeated by the plea of ten-year adverse possession interposed by appellants. The trial court submitted to the jury appellants' plea of ten-year limitation, and the jury found against appellants on that issue, and judgment was accordingly rendered in favor of appellees.

On March 19, 1929, following the rendition of the judgment, appellants filed their original motion for a new trial, assigning a number of errors attacking the verdict and judgment on several grounds. Thereafter, on March 22, 1929, appellants filed in the district court their amended motion for a new trial, alleging for the first time that the jury in this case was guilty of misconduct which was prejudicial to appellants, in that the jury refused to consider the evidence offered by appellants under their plea of ten-year limitation, for the reason that the jury were of the opinion that limitation could not run against appellees in favor of appellants prior to the issuance of the patent to the tract of land involved which was in the year 1900. Attached to this amended motion for a new trial was the affidavit of one of the jurors, Charles Gibson, which showed, in substance, that ten of the jurors who sat in the case were of the opinion that limitation could not run in favor of appellants prior to the issuance of the patent to the tract of land in 1900, and that for that reason the jury found, in answer to the special issue, that appellants had not had and held peaceable and adverse possession of the land in controversy, as pleaded by them. This amended motion was presented to the trial judge at his home in the town of San Augustine late in the afternoon of March 23, 1929, the date on which the court had to adjourn by operation of law.

Appellants tendered no evidence by any member of the jury that sat in the case in connection with this motion touching the alleged misconduct, nor is there any bill of exception in the record complaining of the action of the trial judge to hear any evidence tendered by appellants in connection with the motion, nor is there any bill of exception in the record to the action of the trial judge in refusing, if he did, to grant appellants time to tender evidence in connection with the motion. The only bill of exception found in the record in connection with the amended motion for new trial is one which states in substance that the amended motion was presented to the trial judge late in the afternoon of the day that the court would have to adjourn by operation of law, and that therefore it was too late to hear evidence in open court touching the truth or falsity of the alleged misconduct on the part of the jury, as complained of by appellants, and that for that reason the trial judge overruled appellants' motion.

The only contention advanced by appellants for reversal of this judgment is that the trial judge erred in overruling their amended motion for a new trial based on the ground of the misconduct on the part of the jury. We have concluded that this contention cannot be sustained. Our statute (article 2234, Rev. St. 1925), relative to the granting of new trials on account of misconduct of the jury, provides:

"Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct

proved, or the testimony received, or the communication made, be material."

It has been held in a number of cases by our appellate courts that an affidavit attached to a motion for a new trial showing misconduct on the part of the jury is no evidence of such misconduct, and that therefore a party complaining of the misconduct of the jury, in order to have a new trial on that ground, must prove in open court by members of the jury, or otherwise, the alleged misconduct. Traction Company v. Wilson (Tex. Civ. App.) 241 S. W. 636; Railway Company v. Kelley (Tex. Civ. App.) 142 S. W. 1005; Railway Company v. Wells (Tex. Civ. App.) 146 S. W. 645; Hines v. Parry (Tex. Civ. App.) 227 S. W. 339; Ratliff v. Fort Worth, etc., Ry. Company (Tex. Civ. App.) 245 S. W. 83; Heid Bros. v. Bray (Tex. Civ. App.) 7 S.W.(2d) 165. It is clear from the statute above quoted, and its construction by the appellate courts in the cases cited, that appellants did not establish by proof their claim of misconduct on the part of the jury in this case, even if what the jury thought about the law of the case constituted misconduct, as contemplated by the statute.

This being the only ground of complaint presented to this court for reversal, it follows that appellants' contention must be overruled, and the judgment affirmed, which has been our order.