## AMBERSON v. PARAMOUNT FAMOUS LASKY CORPORATION.

### No. 2347.

Court of Civil Appeals of Texas. Beaumont.

April 20, 1933.

Davies & Davies, of San Antonio, for appellant.

Dwyer & Groce, of San Antonio, for appellee.

WALKER, Chief Justice.

On the 5th day of December, 1929, appellant, Joe Amberson, under the name of Union Bus Lines, was doing business as a common carrier operating a bus line between San Antonio and San Angelo, Tex. On that day appellee, Paramount Famous Lasky Corporation, delivered to him for shipment two boxes of films, one to be delivered at Eden and the other at Mason, two points on his established bus route. A short distance out of San Antonio, and before either of the boxes was delivered, one of them exploded, thereby burning appellant's bus. This suit was by appellant against appellee to recover the value of the bus, on allegations "that the burning of said bus was directly and proximately caused through the gross carelessness and negligence of the defendant Company in failing to properly pack the films which they shipped and consigned through this plaintiff, and in failing to have a proper lock and fastener upon said smaller film box, and the failure and negligence on the part of said defendant Company to pack said films in said boxes, both inside and outside, in a safe manner for transportation." Appellee specially answered that the burning of the bus was the result of an unavoidable accident and of appellant's contributory negligence. Judgment was for appellee on the jury's verdict that: (a) The fire on the bus was not the result of an unavoidable accident; (b) the lock on the small box of films was defective when delivered by appellee to appellant and accepted by appellant for shipment to Mason on the 5th of December, 1929; appellee was guilty of negligence in tendering the box to appellant in a defective condition, and such negligence was a proximate cause of the burning of the bus; (c) the films were properly packed; (d) at the time appellant's driver loaded the films on the bus, the lock or fastening on the small box was in a defective condition, which fact he knew at the time he loaded the box on the bus; the driver was guilty of negligence "in hauling said films while the lock was in such defective condition," and such negligence proximately contributed "to cause the fire"; (e) the bus was damaged $2,500.

## Opinion.

■■ The evidence supports the jury's verdict convicting the bus driver of contributory negligence. On this issue he testified: "My name is Bob Downs. In December, 1929, I was working for Joe Amberson, driving a bus for him. I drove the bus on December 5th, 1929, that burned up. I handled some films that day, two boxes of them. I do not know the exact size of them, pretty good sized boxes. These boxes here shown me compare with the size of those I handled. I first saw those boxes laying on a run-way at the Bus Station by my bus. I loaded them. I picked up one and put it in and when I picked up the second one it came open. It was the small box that came open. I fastened it the best I could. I put that washer through the slot in the hasp and turned it loose and it fell to the bottom. I did not try to turn the washer in any way. I then carried it into the bus. I put the large box near the center of the bus. I put the small one at the right corner, on the back seat. When I got out about nine or ten miles from San Antonio there was an explosion. It came from the rear of the bus, it looked like it was about Middleways. I looked back quickly and saw the lid of the small box fly open, back against the seat. The top of the bus flew up and settled down, I should judge it went about two feet. When the explosion occurred it blew the wind shield out, and then I jumped. When the explosion occurred and I looked around the flame hit my side of the bus and the wind shield was blown out forward." He testified further that the films were loose in the box, that he had been a bus driver for five or six years prior to the date the bus was burned, that during that time he had handled many boxes of films, that some of the boxes of films had the "caution label on them," and that he knew that the "caution appeared on the yellow label." The evidence would have supported a finding that the caution labels on these two boxes were marked out with a lead pencil, but the jury could have found against that conclusion. However, the driver was as fully advised of the nature of the film boxes as if the caution sign had been printed on them. No point is made against the finding that the condition of the lock on the small box was negligence on the part of appellee and a proximate cause of the burning of the bus. In fact, that was the very allegation of the petition upon which appellant based his cause of action. It thus appears that the driver had actual knowledge of the condition which caused the explosion and fire and with this knowledge accepted the shipment. If it constituted negligence to tender for shipment the small box with the defective lock, then, under the testimony of the driver, as summarized above, the issue of negligence was raised against him in accepting and transporting the box in its defective condition. Appellee assigns error against the refusal of the court to grant him a new trial on the ground of newly discovered evidence. We do not review the evidence on this issue because it clearly appeared that appellant exercised no diligence to secure this evidence prior to the trial. The least diligence on his part would have made this evidence available to him.

■■ Appellant's complaint of misconduct of the jury is without merit, since it is shown only by certain affidavits of the jurors attached to his motion for new trial. Such affidavits must be construed merely as pleading and cannot be considered as evidence to establish the truth of the facts alleged. Adams v. Stark (Tex. Civ. App.) 280 S. W. 1074; Harris v. Smith (Tex. Com. App.) 265 S. W. 546; Dancy v. Peyton (Tex. Civ. App.) 282 S. W. 819; Ill. Cent. Ry. Co. v. West (Ky.) 60 S. W. 290, 22 Ky. Law Rep. 1387.

■ Counsel for appellee did not commit reversible error in telling the jury to answer "yes" to issues of discovered' peril and contributory negligence. In no way did this argument or request inform the jury of the legal effect of their answers to these questions. Dallas Ry. & Terminal Co. v. Bankston (Tex. Com. App.) 51 S.W.(2d) 304; Ineeda Laundry v. Newton (Tex. Civ. App.) 33 S.W.(2d) 208; Marine B. & T. Co. v. Epley (Tex. Civ. App.) 10 S.W.(2d) 739.

■■ Appellant had certain exceptions against the submission of the issue of unavoidable accident, which were rendered immaterial by the fact that the issue was found in his favor. He also had certain exceptions against the submission of the issue of negligence under his allegations that the films were improperly packed. However, as the jury convicted him of contributory negligence in accepting the films for shipment, this issue became immaterial.

■ The court refused to submit to the jury the following issues requested by appellant and which had support in his pleading and evidence:

"Did the Company have a rule, after June 1st, 1928, that they would not ship films except at the risk of the shipper?"

"Was the said rule, if any, conveyed to, and called to the attention of the defendant, or its agents?"

"If you have answered the above question (special issue No. 8) in the affirmative, then answer the following question: Did the said Company, the defendant, accept said rule and agree that the said films should be shipped at its risk?"

The refusal of these issues was not error because agreements, rules, or regulations made by common carriers within this state limiting their common-law liability or contracting against the consequences of their negligence are void. Article 883, Rev. St.

1925, provides: "Railroad companies and other common carriers of goods, wares and merchandise, for hire, within this State, on land, or in boats or vessels on the waters entirely within this State, shall not limit or restrict their liability as it exists at common law, by any general or special notice, or by inserting exceptions in the bill of lading or memorandum given upon the receipt of the goods for transportation, or in any other manner whatever. No special agreement made in contravention of this article shall be valid. (Act Dec. 4, 1863, p. 7; G. L. Vol. 5, p. 661.)" Pac. Exp. Co. v. Hertzberg, 17 Tex. Civ. App. 100, 42 S. W. 795; G., C. & S. F. Ry. Co. v. Boger (Tex. Civ. App.) 169 S. W. 1093; Am. Ry. Express Co. v. Santa Anna Gas Co. (Tex. Civ. App.) 250 S. W. 271; Head v. Pacific Express Co., 60 Tex. Civ. App. 169, 126 S. W. 682.

It follows that the judgment of the lower court should be affirmed, and it is accordingly so ordered.