**OLIPHANT v. BUIE et al.**

No. 2158.

Court of Civil Appeals of Texas. Waco.

Nov. 23, 1939.

Rehearing Denied Dec. 21, 1939.

J. S. Callicutt, of Corsicana, for plaintiff in error.

Davis, Jester & Tyson, of Corsicana, for defendants in error.

ALEXANDER, Justice.

This suit was brought by J. C. Buie and others against M. F. Oliphant to recover a debt evidenced by a promissory note and to foreclose a chattel mortgage lien on a Farmall tractor and other farming tools and a cotton and corn crop. The plaintiffs sequestered the mortgaged property pending a trial. The defendant asserted a failure of consideration of the note sued on in that it had been given in part payment of the farming tools and that such tools were not as represented. A trial before a jury resulted in a verdict and judgment for the plaintiffs. The defendant sued out writ of error.

Service on the writ of error was completed on October 14, 1938, but the plaintiff in error did not tender the statement of facts for filing in this court until June 21, 1939, and did not, prior to that date, file a motion for extension of the time within which to file the same. The clerk of this court failed to file the statement of facts when tendered and thereupon the plaintiff in error filed a motion for leave to file same.

Revised Statutes, Art. 1839, as amended by Acts 1931, 42nd Leg., p. 100, ch. 66, Vernon's Ann.Civ.St. art. 1839, reads as follows: "Article 1839. In appeal or Writ of Error the appellant or plaintiff in error shall file the transcript with the Clerk of the Court of Civil Appeals within sixty days from the final Judgment or Order overruling motion for new trial, or perfection of the Writ of Error; provided, that for good cause shown before the expiration of such sixty day period, the Court shall permit the transcript to be thereafter filed upon such terms as it shall prescribe." On the same day the above statute was adopted, the Legislature amended Article 2246 (Acts 1931, 42nd Leg., p. 100, ch. 67, Vernon's Ann.Civ.St. art. 2246), and after fixing a time limit in which the statement of facts might be filed in the trial court, it was further provided as follows: "Sec. 2. Upon application of the party appealing, the Judge of the Court may, in term time or vacation, for good cause shown, extend the time for filing such Statement of Facts and Bills of Exception; but the time shall not be extended in any case so as to delay the filing thereof beyond the time for filing the transcript in the Court of Civil Appeals."

The two amendments above referred to were adopted by the Legislature on the same day and must be construed together. We think the amendment to Art. 2246 makes it clear that the statement of facts must be filed in the appellate court within the time allowed for the filing of the transcript therein, and that the amendment to Article 1839 requires that the transcript be filed in the appellate court within sixty days after perfection of the writ of error. Art. 1839 was again amended by Acts 1933, 43rd Leg., p. 142, ch. 67, Vernon's Ann.Civ.St. art. 1839, so as to allow the filing of motion for additional time within which to file the transcript, provided such motion was filed before the expiration of the sixty day period above referred to. Since the provisions of this last amendment were not complied with by plaintiff in error, we need not give further consideration thereto. Our views that the time for filing the statement of facts in the appellate court is limited by the provisions of Art. 1839 as amended, limiting the time for filing the transcript, are sustained by the holdings of the Amarillo court in Evans v. Galbraith-Foxworth Lbr. Co., Tex.Civ.App., 43 S.W. 2d 481, and by the San Antonio court in Shipp v. Metzger Dairies, Tex.Civ.App., 88 S.W.2d 660. The Fort Worth court held to the contrary in the case of Robinson v. Robinson, Tex.Civ.App., 105 S.W. 2d 454. That court's holding was based on provisions of Revised Statutes, art. 2245, which allowed the appellate court unlimited authority, upon the showing of a good cause, in the granting of additional time in which to file statement of facts therein. But, in our opinion, the provisions of Art. 2245 are in conflict with the 1931 amendment to Art. 2246, and said article was therefore repealed by section 3 of said

amendment, which expressly repealed all laws in conflict therewith. Furthermore, articles 2237, 2238 and 2239, regulating the filing of statement of facts in the lower court were amended in 1931, 42nd Leg., 1st C.S. p. 75, ch. 34, Vernon's Ann.Civ.St. arts. 2237–2239. In said amendments the Legislature authorized the inclusion in the statement of facts of bills of exception to the admission or exclusion of evidence. These were matters that ordinarily had previously been embodied in the clerk's transcript. In the amendment to the statutes above referred to, the Legislature refers to the court reporter's copy of the evidence as "the transcript." We think this indicates legislative intent to treat the statement of facts as a part of the transcript, necessitating its filing within the time now allowed by Article 1839 as amended. At a former date we refused to grant plaintiff in error permission to file statement of facts on the date tendered, and we now here adhere to that ruling.

 Plaintiff in error's first three assignments complain of the failure of the court to grant his motion for a continuance on account of the absence of three witnesses. Two of these witnesses evidently appeared and testified upon the trial of the case, for the bill of costs embodied in the transcript contains charges for witness fees for such witnesses. The record does not disclose whether or not the other one appeared and testified upon a trial of the case. Furthermore, in the absence of a statement of facts, we cannot tell whether other evidence introduced by the parties rendered the testimony of the absent witness immaterial. It is a well established rule that in order to authorize a reversal on account of the failure of the trial court to grant a motion for continuance, it must appear that the complaining party was prejudiced thereby. 9 Tex.Jur. 715. Such prejudice is not apparent where there is no statement of facts. 3 Tex.Jur. 543; Martin v. Martin, Tex.Civ.App., 229 S.W. 695, par. 1; Austin St. Ry. Co. v. Calhoun, Tex.Civ.App., 240 S. W. 327, par. 7. These assignments are therefore overruled.

 By assignments Nos. 4 to 7 inclusive, plaintiff in error complains of the failure of the trial court to quash the writ of sequestration on account of lack of proper affidavit therefor. It is urged that the affidavit for sequestration was defective because it was sworn to before a notary public who was the attorney for the plaintiffs and who would receive the ten per cent attorney's fees provided for in the note sued on as a part of his compensation. A similar contention was overruled by the Eastland Court of Civil Appeals in the case of Walden v. Locke, Tex.Civ.App., 49 S.W.2d 832, par. 9. It is also urged that the affidavit was not in proper form and did not sufficiently describe the property to be sequestered. The affidavit contained in the transcript seems to contain all of the essentials required by the statute, and we think the property was sufficiently described. Furthermore, plaintiff in error concedes in his brief that a supplemental affidavit for sequestration was made by defendants in error, and that this supplemental affidavit has not been brought up in the transcript. Plaintiff in error has made no effort to correct the transcript in this respect. Consequently, we cannot say that this supplemental affidavit did not meet all of the requirements of the statute.

 By the 9th assignment, it is asserted that the trial court committed reversible error because of the failure to grant a new trial on account of the misconduct of the plaintiff, J. C. Buie and one of the jurors. The motion for new trial was supported by affidavits of three witnesses, in which it was stated that during the trial the said J. C. Buie was seen in close conversation with one of the jurors in the hall adjoining the courtroom, and that Buie put his arm around the juror and pulled him close to him and whispered something in his ear. Such conduct, if established on the hearing of the motion, would very clearly require the granting of a new trial. Gulf, C. & S. F. Ry. Co. v. Matthews, 28 Tex.Civ.App. 92, 66 S.W. 588, par. 11; Palm v. Cheronwsky, 28 Tex.Civ.App. 405, 67 S. W.165, par. 2; Marshall v. Watson, 16 Tex. Civ.App. 127, 40 S.W. 352; Gulf, C. & S. F. Ry. Co. v. Schroeder, Tex.Civ.App., 25 S.W. 306; First National Bank v. Hix, Tex. Civ.App., 164 S.W. 1035, par. 1. However, it appears that this matter was attempted to be established only by ex parte affidavits attached to the motion for new trial. Plaintiff in error did not undertake to sustain his contention by introducing proof upon the hearing of the motion for a new trial. No bill of exception was reserved except the general bill based on the order of the court overruling the motion for new trial. R.S. art. 2234, reads as follows: "Where the ground of the motion is misconduct of the jury or of the officer in charge of them, or

because of any communication made to the jury or that they received other testimony, the court shall hear evidence thereof from the jury or others in open court, and may grant a new trial if such misconduct proved, or the testimony received, or the communication made, be material." It has been held in numerous cases that where a new trial is sought because of the happening of any of the matters mentioned in the above statute, the ex parte affidavits attached to the motion for new trial are not admissible as proof of the truth of the matters contained therein, and that in order to establish a right to a new trial on such grounds, proof of the truth of the allegations must be made in open court in the regular way upon the hearing of the motion. 31 Tex. Jur. 147, sec. 137; Harris v. Smith, Tex. Com.App., 265 S.W. 546, par. 1; Gerneth v. Galbraith-Foxworth Lbr. Co., Tex.Com. App., 38 S.W.2d 775, par. 1; Puett v. Brady, Tex.Civ.App., 16 S.W.2d 832; Amberson v. Paramount Famous Lasky Corporation, Tex.Civ.App., 59 S.W.2d 875, par. 3. The matter here complained of comes within the language of the statute above referred to and since plaintiff in error did not establish the truth of his allegation by the introduction of proof thereof in open court as required by such statute, the assignment must be overruled.

We have considered all other assignments and find no reversible error.

The judgment of the trial court is affirmed.