CLEMMONS v. JOHNSON. (No. 6536.)

(Court of Civil Appeals of Texas. Galveston. April 16, 1914. Rehearing Denied May 21, 1914.)

1. APPEAL AND ERROR (§ 1002*)—VERDICT—CONFLICTING EVIDENCE.

A verdict establishing the location of a disputed boundary line based on conflicting evidence will not be set aside on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3935–3937; Dec. Dig. § 1002.*]

2. ESTOPPEL (§ 32*) — DEED — LOCATION OF BOUNDARY LINE.

Where plaintiff did not have certain tracts conveyed by him surveyed and was not present when the surveys were made, and the dividing line between his land and defendant's was located as claimed by defendant, the fact that in the deeds the dividing line between plaintiff's land and that of defendant was called for, which line was located by a surveyor as claimed by defendant, did not estop plaintiff from denying that the line was correctly located.

[Ed. Note.—For other cases, see Estoppel, Cent. Dig. § 81; Dec. Dig. § 32.*]

3. NEW TRIAL (§ 102*)—NEWLY DISCOVERED EVIDENCE—DILIGENCE.

Where defendant knew of alleged newly discovered evidence prior to the trial but made no effort to produce it and his only excuse was that the matter had "slipped" his memory, the motion was properly denied.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 207, 210–214; Dec. Dig. § 102.*]

Appeal from District Court, Tyler County; A. E. Davis, Judge.

Trespass to try title by C. Johnson against J. W. Clemmons. Judgment for plaintiff, and defendant appeals. Affirmed.

John L. Little, of Kountze, and J. J. Goodwin, of Woodville, for appellant.

PLEASANTS, C. J. This suit was brought by the appellee against the appellant in the form of an action of trespass to try title to the south half of a tract of 150 acres of land on the E. F. Hanks league in Tyler county, described in plaintiff's petition, less several small tracts out of said south half, which are also described in the petition. Defendant by his answer disclaimed title to all of the land sued for except that portion in conflict with a tract described in his answer. As developed by the pleading and evidence, the case involved only a question of boundary. The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff, establishing the boundary line as claimed by him.

By his first assignment of error the appellant complains of the refusal of the trial court to instruct a verdict in his favor upon the following grounds:

"(1) That the dividing line between the Johnson 150-acre survey and the west line of defendant's property lies as claimed by defendant and surveyed by Wm. McCready. (2) Because the plaintiff had by previous conveyances, introduced by defendant, from plaintiff and wife to Pope, Levings, George and Clemmons, conveyed all interest, right, and title that he had in the land along the east line of the Johnson survey to said parties above named, and he therefore is estopped from denying the recitations in said deeds. (3) By said conveyances mentioned in paragraph 2 herein, the plaintiff has no claim, possession, or right of possession to the disputed strip in controversy, and not being in possession or entitled to right of possession cannot maintain this action."

[1] Upon the question of the true location of the line in dispute the evidence was conflicting, but there is ample evidence to sustain the finding of the jury that the line was located as claimed by plaintiff.

[2] Upon the issue of estoppel the evidence shows that plaintiff had conveyed several tracts of land to the parties above named, and in said deeds of conveyance the dividing line between the land of plaintiff and defendant was called for, and this line as located by the surveyor who surveyed and located the tracts so sold by plaintiff was located as claimed by the defendant in this suit. But the evidence further shows that plaintiff did not have these tracts· of land surveyed, and was not present when the surveys were made and the dividing line between his land and defendant's located as claimed by defendant. This is the only act of plaintiff upon which the claim of estoppel is based, and we do not think it is sufficient to sustain such claim.

The evidence is sufficient to sustain ·the finding that none of the land claimed and recovered by plaintiff in this suit was included in the conveyances made by him before mentioned.

These conclusions dispose of the second and third assignments of error, which complain· of the verdict on the ground that it is unsupported by the evidence, as well as the first assignment, and each of said assignments is overruled.

[3] The fourth assignment of error, which complains of the refusal of the trial court to grant defendant a new trial because of newly discovered evidence, cannot be sustained.

The record shows that the defendant knew of the alleged newly discovered evidence prior to the trial and made no effort to produce said evidence on the trial; his only excuse for not having the witness' testimony being that the matter had "slipped" his memory. In this state of the record it cannot be held that the trial judge abused his discretion in refusing to grant a new trial on the ground of newly discovered evidence.

None of the remaining assignments of error require any discussion. None of them, in our opinion, present any error that would require or authorize a reversal· of the judgment, and each is overruled.

It follows that the judgment of the court below should be affirmed, and it has been so ordered.

Affirmed.