## J. W. WALKER ET AL V. L. HALEY.

### No. 2917.   Decided June 25, 1919.

### (214 S. W., 295.)

**Practice on Appeal—Exceptions to Charge.**

. Error in giving a peremptory instruction directing a verdict, is ground for reversal, though no exceptions thereto were reserved before it was read to the jury. The Act of March 29, 1913 (Laws 33rd Leg., ch. 59, p. 113, amendment of Art. 1971, Rev. Stats.), has no application to such case. (P. 51.)

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Brewster County.

Haley sued Walker and another for recovery of land. The trial court directed a verdict for plaintiff. Defendants appealed and on affirmance (181 S. W., 559) obtained writ of error.

*J. D. Martin,* for plaintiff in error, cited: Hovey v. Saunders, 174 S. W., 1025; Owens v. Petroleum Co., 169 S. W,. 192; Henderson v. Gilbert, 171 S. W., 306; Neville v. Miller, 171 S. W., 1110.

*W. Van Sickle, Geo. M. Thurmond* and *W. B. Teagarden,* for defendant in error, cited: King v. Gray, 175 S. W., 763; Heath v. Huffhines, 168 S. W., 974; Railway Co. v. Tomlinson, 169 S. W. 217; Street Ry. Co. v. Barnes, 168 S. W., 991; Railway Co. v. Feldman 170 S. W., 133; Act of March 29, 1913, Laws of 33rd Leg., p. 113.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The suit was an action by Haley against Walker and Bird in trespass to try title for certain land. The trial court directed a verdict for the plaintiff.

The honorable Court of Civil Appeals refused to consider the appellant's assignments touching the peremptory instruction for the reason that on the trial they presented no objection to it before it was read to the jury,—being of the view that the Act of 1913 (Chapter 59), providing that objections to "the charge" of the court shall be made before it is read to the jury, and, otherwise, shall be considered as waived, applies to a peremptory instruction. Because of the conflict between the decisions of the Courts of Civil Appeals upon this question, the writ of error was granted.

It is the intention of a law which is the law; and once truly ascertained, it should prevail, even against the strict letter of the law.

The purpose of the act is plain. It is to provide the court, in advance, with the objections to which the charge is deemed subject, so as to afford opportunity for its correction in the particulars urged. It is, in a word, to secure, as far as possible, the preparation and submission of a correct charge to the jury. It is not the intention of the act, in our opinion, that it should in anywise relate to a decision by the court that there is no issue to submit to the jury, and hence no office for a charge to perform and no function for the jury to exercise.

When a court determines upon a peremptory instruction, the ruling decides the cause. It is a determinative decision upon the effect of the evidence. It is reached, as a rule in the actual practice, only after the argument of counsel in which the opposing view is presented and of which the court has the full benefit. Since the action of the court is a ruling on the effect of the evidence, there is nothing for counsel to object to after the ruling is determined. The judge having ruled upon the question, deliberately it will be assumed, it is to be supposed that he will adhere to his ruling. There is nothing in the act to indicate that in this situation counsel were to have imposed upon them the useless procedure of going through the form of presenting written objections to the medium— the peremptory instruction—through which the ruling is made effective.

The "charge of the court" with which the act deals, is a charge applying the law to the facts of the case for the jury's guidance, a charge for that end, and which for supposed errors may be open to correction. It has no reference to a direction of the verdict, which leaves the jury with no province, and subject, therefore, to no influence from a charge; which is not a "charge" at all in any true sense, but only the means of giving effect to the sustaining of a

demurrer to the evidence; and which, if erroneous at all, is so, not because of any defect in the direction, but because of the court's mistaken view as to the effect of the proof.

As the Court of Civil Appeals has made no findings of fact, we cannot properly pass upon the questions which the case presents. Its judgment is reversed, and the case is remanded to it for the consideration of the assignments of error there presented by the appellants.

(Associate Justice Hawkins disqualified and not sitting.)

*Reversed and remanded to, Court of Civil Appeals.*