**ADAMS et al. v. STARK et al.  (No. 11298.)\***

(Court of Civil Appeals of Texas.  Fort Worth.
Nov. 28, 1925.  Rehearing Denied
Jan. 23, 1926.)

1. **New trial** ⊜⟼72—**Evidence that deceased payee of notes did not execute contract of conditional release of indebtedness held to support refusal to grant new trial for verdict's being contrary to weight of evidence.**

In action on notes and to foreclose mortgage, defended on ground of conditional release of indebtedness signed by payee of notes, since deceased, evidence that such alleged agreement was not executed by payee of notes *held* sufficient to support refusal to grant new trial after verdict for plaintiffs, on ground verdict was contrary to weight of evidence.

2. **New trial** ⊜⟼143(2).

Ex parte affidavits of jurors cannot be considered in determining jury's misconduct, but proof thereof must be offered in open court.

3. **Appeal and error** ⊜⟼978(3).

Refusal of new trial for misconduct of jury is not ground for reversal, unless record shows abuse of discretion of trial court.

4. **New trial** ⊜⟼144—**Refusal of new trial for misconduct of jury, based on ex parte affidavit of juror, held not to require reversal (Rev. St. 1911, art. 2021).**

In action on notes and to foreclose mortgage, refusal of new trial, under Rev. St. 1911, art. 2021, on ex parte affidavit of juror that during deliberations affiant was induced to change vote on proposition as to whether payee of note had signed conditional release by statement made by one of jurors, who knew payee, was not abuse of trial court's discretion, calling for reversal.

5. **New trial** ⊜⟼99—**Overruling motion for new trial, based on alleged newly discovered evidence, in view of its cumulative character, and lack of diligence, held not error.**

Refusal of new trial for alleged newly discovered evidence, which was merely cumulative in character, in view of fact that defendant knew that such new witness was present at time of conversation relied on in affidavit, and did not introduce such affiant as witness because he had forgotten his presence until reminded of it, was not error.

6. **New trial** ⊜⟼104(1).

Judgment will not be reversed for failure to grant new trial for newly discovered evidence which is merely cumulative in character.

Appeal from District Court, Jack County; F. O. McKinsey, Judge.

Action by S. V. Stark and another, as independent executors of the last will and testament of Sil Stark, deceased, against L. T. Adams and wife.  Judgment for plaintiffs, and defendants appeal.  Affirmed.

C. D. Spann, of Fort Worth, and Hood & Shadle, of Weatherford, for appellants.

J. P. Simpson and H. C. McClure, both of Jacksboro, for appellees.

DUNKLIN, J.  L. T. Adams and his wife, Mrs. N. Adams, defendants in the trial court, have appealed from a personal judgment rendered against defendant L. T. Adams in favor of S. V. Stark and L. P. Penwell as independent executors of the last will and testament of Sil Stark, deceased, for the principal and accrued interest thereon of two promissory notes executed by both defendants, and for a foreclosure of a mortgage lien as against both the defendants on a tract of land consisting of 231 acres situated in Jack county.

One of the notes sued on was for the principal sum of $2,280, dated September 4, 1919, due on or before March 4, 1920, drawing interest at the rate of 8 per cent. per annum from date, payable to the order of Sil Stark, since deceased, and the other was for the principal sum of $1,438.08, dated June 13, 1922, due June 13, 1923, drawing interest from date at the rate of 10 per cent. per annum, payable to the order of said decedent. Both notes were executed by defendants L. T. Adams and N. Adams, and both contained the usual provisions for the payment of 10 per cent. additional on the amount due as attorney's fees for collection.

The mortgage for which a foreclosure was prayed was executed by the defendants on June 13, 1922, on 231 acres of land in Jack county, and was given to secure the payment of the second note described above.

The defendants pleaded that the notes were given for the purchase money of certain oil leases executed by Sil Stark, deceased, to L. T. Adams, and the principal defense was based upon a document in writing, alleged to have been executed by Sil Stark, deceased, on August 1, 1920, addressed to L. T. Adams, Jacksboro, Tex., and reading as follows:

"Since our deal on oil leases Sept. 4th last year and more recently you have been contending that the oil business in Jack county was not on the uplook and that ten dollars was too much for the leases, and in that connection I hereby agree with you that if an oil field is not developed in Jack county within four years from this date to such an extent that the said leases will sell for a profit, I will take oil leases on yours and your wife's land at ten dollars per acre, or the same price, in payment of all you owe me at that date.

"Yours very truly,          Sil Stark."

The defendants alleged that before the expiration of the four-year period of time stated in that document Sil Stark died; that no oil field of any consequence was developed in Jack county during the said period, and none has been developed since, and that the leases for which the notes were given are now of no practical value, and could not be sold for

any sum. Defendants further averred their willingness to execute to plaintiffs, as executors of the estate of the last will and testament of said decedent, leases on lands owned by the defendants covering acreage sufficient to liquidate said notes at the price of $10 an acre fixed in said purported agreement.

[1] Only one issue was submitted to the jury, and that was as to whether or not Sil Stark, the deceased, executed the purported agreement by him, dated August 1, 1920, and pleaded by the defendants. To that issue the jury returned an answer in the negative. The defendants introduced two witnesses who testified that they saw the deceased sign the disputed document. Those witnesses were J. B. Tillman and Grover Clayton. The document shows to have been written on a typewriter, and the witness Tillman testified he saw the deceased write the instrument on the typewriter then in his office and hand it to L. T. Adams after deceased had signed it. But, according to the testimony of the other witness, Grover Clayton, who said he was in the office of the deceased before Tillman came in, and remained there until after the instrument was executed and delivered to Adams, the same was not written out on the typewriter by the deceased.

Plaintiffs introduced testimony of two witnesses, one the cashier and the other the assistant cashier of the Jacksboro National Bank, in which the deceased was a director, both of whom testified that they were familiar with the handwriting of the deceased, and that in their opinion the purported signature of the deceased to the document in controversy was not his signature. Plaintiffs also introduced testimony strongly tending to show that the deceased did not write the body of the instrument, and that the same was not written upon the typewriter kept by the deceased in his office where the defendants' witness Tillman said he saw the same written. The date of the instrument was on Sunday, and plaintiff introduced testimony to the effect that the deceased never transacted any business on Sunday.

In view of the testimony noted, we overrule the assignment complaining that the verdict was so contrary to the weight of the evidence that a new trial should have been granted.

Two other assignments are presented to the refusal of the court to grant a new trial, for two reasons, one on account of the alleged misconduct of the jury while considering the case, and the other on account of newly discovered testimony after the conclusion of the trial.

Attached to the motion for new trial was the affidavit of one of the jurors containing the statement that, while considering the verdict, and after 11 of the jurors had voted that the disputed document was not signed by the deceased, Sil Stark, and affiant had voted in the affirmative on that issue, the affiant was induced to change his vote and vote in the negative by a statement made in the jury room by some of the jurors to the effect that they knew the deceased well, and knew that he did not work or do any business on Sunday, and that therefore he did not sign the document which was dated on Sunday.

Attached to the motion for new trial was also an affidavit of one D. B. Leggett to the effect that during the month of June, 1922, he was in the office of deceased while the defendant L. T. Adams was present, and heard a conversation between them during which the statement was made by the deceased that he hoped they would bring in a good oil field in Jack county on account of the agreement which he (Stark) had given Adams to take back leases theretofore executed by him to Adams at $10 per acre, if such an oil field was not developed, and that in that manner the notes theretofore executed by Adams to him would be liquidated. The affiant further stated, in substance, that in that conversation the deceased further said that, if the Rox-Anna Oil Company brought in a good field, Adams could sell the leases at a profit and pay him off; that, if an oil field was not developed, and the leases did not sell above, $10, deceased would stand by his agreement with Adams to take back the leases on lands sufficient at the rate of $10 per acre to cover Adams' indebtedness to the deceased according to his agreement, which he had reduced to writing. The affidavit of Leggett contains the further statement that what he knew about the matters above stated was never mentioned by him to defendant L. T. Adams until after the trial of the case, and he (affiant) had heard of the verdict of the jury, and that he was not interested in any manner in the issues involved.

Attached to the motion for new trial was another affidavit by defendant L. T. Adams that, after the judgment had been rendered in the case, D. B. Leggett detailed to him substantially the same facts as related in the affidavit referred to above; that until that conversation occurred he had forgotten that Leggett heard the conversation but for which he would have had Leggett's testimony upon the trial of the case.

Article 2021, Rev. Statutes 1911, reads as follows:

"Where the ground of the motion is misconduct of the jury or of the officer in charge of same, or because of any communication made to the jury, or because the jury received other testimony, the court shall hear evidence thereof; and it shall be competent to prove such facts by the jurors or others, by examination in open court; and, if the misconduct proven, or the testimony received, or the communication made, be material, a new trial may, in the discretion of the court, be granted."

The record in this case fails to show that any evidence was introduced to prove the al-

leged misconduct of the jurors detailed in the affidavit of one of them. The order of the court overruling the motion merely recites that it was duly considered and overruled, and to that ruling an exception was taken by the defendants.

[2-4] The decisions of the higher courts of this state are uniform in holding that ex parte affidavits of jurors cannot be considered as evidence in determining the issues of misconduct of the jury, but that such misconduct must be shown by proof offered in open court. Many authorities might be cited announcing that rule, such as Willingham v. Brown (Tex. Civ. App.) 163 S. W. 107; Fox v. H. & T. C. Ry. Co. (Tex. Civ. App.) 186 S. W. 852; City of Fort Worth v. Curry (Tex. Civ. App.) 160 S. W. 134; Dallas Consolidated Electric Ry. Co. v. Kelley (Tex. Civ. App.) 142 S. W. 1005. It is also well settled that the trial court is vested with considerable discretion in the determination of the question as to whether or not the alleged misconduct probably resulted in any substantial injury to the complaining party, and that, unless the records show an abuse of that discretion, no reversible error is established. T. & B. V. Ry. Co. v. Geary (Tex. Civ. App.) 194 S. W. 458; Va. Ins. Co. v. St. L. S. W. Ry. Co. (Tex. Civ. App.) 173 S. W. 487. We therefore conclude that the court did not err in refusing to grant a new trial on account of alleged misconduct of the jury.

[5, 6] Nor did the trial court err in overruling the motion for new trial based on alleged newly discovered evidence, shown in the ex parte affidavit of D. B. Leggett, since such testimony is merely cumulative of the testimony of the witnesses J. B. Tillman and Grover Clayton given upon the trial of the case, and the affidavit of the defendant L. T. Adams shows that he knew at the time of the conversation related in the affidavit of Leggett that he (Leggett) was present and then heard what was said in that conversation; the only reason offered for failure to introduce Leggett as a witness being that he had forgotten such presence of Leggett until reminded of it by what Leggett told him after the trial of the case. It is a well-settled general rule that a judgment will not be reversed for failure of the trial court to grant a new trial on account of newly discovered evidence that is merely cumulative of other testimony introduced at the trial of the same character and purport, and we perceive no reason why an exception to that general rule should be made in this case, especially in view of the affidavit of defendant Adams that his only reason for not introducing the evidence upon the trial was to the effect that it had slipped his memory. St. L., S. F. & T. R. Co. v. Wiggins, 107 S. W. 899, 48 Tex. Civ. App. 449; G., C. & S. F. Ry. Co. v. Adams (Tex. Civ. App.) 121 S. W. 876;

Priddy v. O'Neal (Tex. Civ. App.) 142 S. W. 35; Qualls v. Fowler (Tex. Civ. App.) 186 S. W. 256; Grayson v. Boyd, 185 S. W. 651; Clemmons v. Johnson (Tex. Civ. App.) 167 S. W. 1103.

Accordingly, all assignments of error are overruled, and the judgment is affirmed.

BUCK, J., not sitting.