## HEID BROS., Inc., v. BRAY. (No. 2152.)

Court of Civil Appeals of Texas. El Paso.
May 3, 1928.

Rehearing Denied May 31, 1928.

1. Negligence 27—Directed verdict for seller because oats were good held properly denied, where buyer complained of foreign substances.

Court did not err in refusing to direct verdict for defendant on ground that oats sold to plaintiff were good oats, where negligence complained of in action for damages for death and injury of horses eating oats was presence of tacks, nails, etc., therein.

2. Appeal and error 742(1)—Assignment that court refused to retire jury and permit filing motion for instructed verdict is without merit as ground of error, but may be considered as proposition.

Assignment that court refused to retire the jury and permit appellant to file a motion for an instructed verdict is without merit as ground of error, but may be considered as proposition.

3. Appeal and error 230—Error in charge, not objected to before it was read to jury, is not available on appeal (Rev. St. 1925, art. 2185).

Provision of Rev. St. 1925, art. 2185, that objections to charge shall be presented to court before it is read to jury, being designed to correct evil in trial of cases by affording court opportunity to correct charge in particulars urged, must be observed for charge to be ground of error on appeal.

4. New trial 143(2)—Juror's affidavit, attached to motion for new trial for jury's misconduct, cannot be considered (Rev. St. 1925, art. 2234).

What was said by juror in affidavit attached to motion for new trial on ground of jury's misconduct cannot be considered, as Rev. St. 1925, art. 2234, requires court to hear evidence on such motion from jurors or others in open court.

5. Damages 139—New trial 44(3)—Jury's discussion of railroad's liability to seller of oats sued for death and injury of horses eating foreign substances in oats shipped, held not to warrant new trial; verdict for $500 damages not being excessive.

Jury's improper discussion of liability of railroad to seller, sued by buyer for death of two horses and injury of another by eating tacks, nails, etc., in oats shipped, and amount consumed by sick horse after taking sick until trial, *held* not to warrant new trial after ver-

dict for $500 damages; such verdict not being excessive.

**6. Appeal and error ☞978(3)—Trial court has discretion to resolve doubt as to what occurred in jury room.**

Doubt arising from conflicting evidence as to what occurred in jury room is for trial court to resolve in exercise of its discretion on motion for new trial.

*On Motion for Rehearing.*

**7. Negligence ☞121(5)—Burden was on plaintiff to show that injury of horses was from eating foreign substances in oats.**

In buyer's action against seller for damages, burden was on plaintiff to show that death and injury of his horses was caused by eating tacks, nails, and other foreign substances in oats purchased.

**8. Trial ☞352(1)—Issues whether death and injury of horses was caused by eating foreign substances in oats, and whether defendant sold plaintiff oats containing such substances, held properly submitted separately.**

In buyer's action against seller of oats for death and injury of horses from eating tacks, nails, and other foreign substances therein, issues whether their death and injury was caused by eating oats containing such foreign substances, regardless of where oats came from, and whether defendant sold plaintiff oats containing such substances, were properly submitted separately, instead of in one paragraph of charge.

Appeal from El Paso County Court at Law; J. M. Deaver, Judge.

Action by T. A. Bray against Heid Bros., Inc. Judgment for plaintiff, and defendant appeals. Affirmed.

Sam B. Gillett, of El Paso, for appellant.

Jones, Hardie & Grambling and Ben R. Howell, all of El Paso, for appellee.

WALTHALL, J. T. A. Bray brought this suit against Heid Bros., Inc., to recover damages in the sum of $750 alleged to have been sustained by him in the death of two horses and the injury to another destroying its full value. The acts complained of are, in substance, that on October 3, 1925, he purchased from Heid Bros. some oats in sacks to be used for feeding horses; that Heid Bros. knew the use to be made of the oats, and that it carelessly and negligently delivered to him oats containing tacks, nails, pebbles, and other trash; that he did not know that the oats contained said foreign substances, and fed the oats to his horses, with the result that two of his horses died from eating the oats containing tacks, nails, pebbles, and other trash; that Heid Bros. was negligent in failing to remove the tacks, nails, pebbles, and other trash from the oats delivered to him, and in delivering to him oats containing tacks, nails, pebbles, and other trash, and

that such negligence was the direct and proximate cause of the injuries sustained and of which he complains.

Heid Bros. answered by general denial; that said oats were sold to Bray by sample and that before buying the oats Bray inspected and fully examined same and knew the kind and quality thereof; that if the oats were not fit to be fed to horses such fact was known to Bray or should have been known to him; and that if Bray fed or permitted the oats to be fed to his horses with the result complained of, which it denies, in that event Bray was guilty of contributory negligence and is not entitled to recover.

The case was submitted to a jury upon special issues. On the issues submitted the jury found, in substance:

1. The oats purchased by Bray from Heid Bros. contained tacks, nails, pebbles, and other trash.

2. Heid Bros. was negligent in failing to remove the tacks, nails, pebbles, and other trash from the oats before delivering them to Bray.

3. Heid Bros. was negligent in delivering to Bray oats containing tacks, nails, pebbles, and other trash.

4. Two of Bray's horses died on account of eating oats containing tacks, nails, pebbles, and other trash.

5. One of Bray's horses was rendered worthless on account of eating oats containing tacks, nails, pebbles, and other trash.

5a. The negligence of Heid Bros. was the proximate cause of the injury sustained by Bray.

6. The sum of $500 would be a reasonable compensation to Bray for the injuries so sustained by him.

7. Bray was not guilty of contributory negligence in feeding or permitting the oats to be fed to his horses.

On the facts found the court entered judgment in favor of Bray.

The court overruled Heid Bros.' motion for a new trial.

*Opinion.*

[1] The court was not in error in refusing to instruct the jury in favor of appellant as complained of in the first proposition. The oats sold by appellant to appellee were good oats, but the negligence complained of was, not that the oats were not good oats, but the presence in the oats of the foreign substances stated.

[2] The second assignment is copied in the brief and requested to be considered "in connection with the first proposition." We have considered it as a proposition. It is without merit as a ground of error. The assignment is to the effect that the court refused "to retire the jury and permit it (appellant) to file a motion for an instructed verdict in its favor."

[3] Assignments 5, 6, and 7, and the prop-

ositions thereunder, respectively, suggest error in submitting questions 4 and 5a to the jury. The record does not show that appellant presented any objections to the court's charge to the jury pointing out any error, and especially the errors now complained of. Article 2185 of the Revised Civil Statutes of 1925 provides that objections to the charge shall, in every instance, be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived. The purpose of the law in requiring objections to be made to the charge before it is read to the jury, as stated by Judge Phillips in discussing article 1971, R. S. 1911, in the case of Walker v. Haley, 110 Tex. 50, 214 S. W. 295, is to provide the court, in advance, with the objections to which the charge is subject, so as to afford opportunity for its correction in the particulars urged. To the same effect is Isbell et al. v. Lennox et. al., 116 Tex. 522, 295 S. W. 920, and Gulf, T. & W. Ry. Co. v. Dickey, 108 Tex. 134, 187 S. W. 187. It is a provision of the statute and designed to correct an evil in the trial of cases, and must be observed to be ground of error on appeal.

Appellant submits that there was no evidence offered to show the market value of the horses.

T. A. Bray, appellee, testified:

"As to whether I was acquainted with the market value of work horses, sold here in El Paso County, at that time they changed a good deal in value. I was acquainted with the value which horses sold for in 1925, or about that time. The horses that died that time they were valued at from $200 to $250 each—that is, those that died—and of the value of the horse that is sick $200. The horse that is sick is not worth anything to me now. * * * He is not worth a dime as a team horse. * * * I am a contractor and haul rock, gravel, and sand, and haul to different parts of the city."

The proposition is not sustained.

Propositions are submitted suggesting misconduct of the jury and that the verdict is thereby excessive in that while in the jury room the jury discussed and took into consideration the liability to appellant of the railroad company over whose road the shipment was made, and the amount of oats consumed by the sick horse from the time he was taken sick until the trial of the case.

[4, 5] What was said by one of the jurors in an affidavit attached to the motion cannot be considered, as the statute, article 2234, R. C. S. 1925, provides that the evidence on the motion for misconduct the court shall hear from the jury or others in open court. From the evidence taken on the hearing on the motion it is evident the jury did improperly discuss the liability of the railroad to appellant, and that the sick horse had eaten oats after he was taken sick. In the correspondence between appellant and the shipper of the oats, read in evidence by appellant, occurs the following:

"Possibly your man (evidently appellee) might have a claim on the railroad company, as no doubt tacks and nails frequently shake loose from the inside of the cars."

[6] The above, no doubt, occasioned the remarks in the jury room. But if, as the jury found, the oats contained the tacks, nails, and pebbles, that appellant was negligent in delivering the oats containing such things, and that such negligence was the proximate cause of the death of the two horses and destroyed the value of the other, the only inquiry then would be: Did the improper remarks in the jury room cause an excessive verdict to be returned? It does not so appear. There was some conflict in the evidence as to what really occurred in the jury room. The trial court, in the exercise of his discretion, resolved the doubt in favor of appellee.

After a careful review of the entire record we have found no reversible error.

The case is affirmed.

### On Motion for Rehearing.

[7. 8] One of the grounds of the motion for rehearing insists that we are in error in holding that "the record does not show that appellant presented any objections to the court's charge to the jury pointing out any error, and especially the errors complained of." The statement had reference to suggested errors to the submission of issues 4 and 5. The error assigned to the submission of issues 4 and 5 is that the "interrogatories authorized the jury to decide the said questions in favor of the plaintiff regardless of the question as to where said oats had been bought, and should have been limited to oats purchased by the plaintiff of the defendant." We think appellant has not fully understood the purport of special issues Nos. 4 and 5, and confused the issues by the assignments. We understand the issues were to have the jury find whether the two horses died and one injured from eating oats containing tacks, nails, pebbles, and other trash, as separate and distinct issues of fact, and regardless of where the oats came from; in other words, was eating such things the cause of the death of two horses and injury to one? The burden was on plaintiff to show that the death and injury of the horses was caused from eating the foreign substances stated. Defendant contested the issue that the horses died from eating the foreign substances named. The issue as to whether defendant sold to plaintiff oats containing such substances was a separate and distinct issue. It was best not to confuse the two material issues in one paragraph of the charge.

The motion is overruled.