**TEXAS LIVESTOCK MARKETING ASS'N**
**v. ROGERS.**
No. 12346.

Court of Civil Appeals of Texas.
San Antonio.

Nov. 7, 1951.

On the Merits Dec. 19, 1951.

Rehearing Denied Jan. 16, 1952.

860

Brewer, Matthews, Nowlin & Macfarlane, San Antonio, for appellant.

Saunders & Saunders and Bobbitt, Brite & Bobbitt, all of San Antonio, for appellee.

PER CURIAM.

Noel Rogers, appellee, has filed a motion to dismiss the appeal for want of jurisdiction. His contention is that the appeal bond was not filed within thirty days after the overruling of the motion for a new trial and therefore no appeal was perfected. Specifically, he contends that the amended motion for a new trial was overruled by operation of law on May 23, 1951, because it was not presented to the court within the thirty-day period as required by Rule 330 (j), Texas Rules of Civil Procedure, and that appellant's appeal bond, filed on June 25, 1951, came too late to perfect an appeal to this Court. The trial court's findings of fact with reference to this matter are as follows: "That on the 17th day of May, 1951, the 45th District Court was engaged in the trial of another case, and during a short break in the trial, counsel for Defendant handed the Court a large paper, and the Court upon inquiring as to what it was, was informed by Defendant's attorney that it was his amended motion for new trial which he wanted to present. The Court, at the request of counsel for Defendant, without qualification or reservation, noted the following on the jacket of said motion: 'Presented to the Court this 17th day of May, 1951'. Signed, 'Raymond Gerhardt'."

The clerk of the court then made the following entry in the rough minutes of the court, to-wit: "F–62,328 Noel Rogers v. Texas Livestock Marketing Association, Defendant's Amended Motion for New Trial filed 4–23–51, Presented to Judge Raymond Gerhardt 5–17–51.".

The trial judge on May 24, 1951, permitted the appellant to offer evidence and argue his amended motion for a new trial and on that date entered an order reciting that the motion had been duly presented to him on May 17, 1951, and then proceeded to overrule the motion. These facts are sufficient to show that appellant's amended motion for a new trial was presented to the trial court within the thirty-day period required by Rule 330(j), supra. Basham v. Smith, Tex., 233 S.W.2d 297. Appellee relies very strongly upon an opinion by the Austin Court of Civil Appeals in Bingham v. Kimbrell, 241 S.W.2d 252. The facts in that case are quite different from those in the case at bar. · In the Bingham case the trial judge did not understand that the motion was being presented to him nor did he take any action with reference to the same. While in the case at bar the trial judge evidently understood that the motion was being presented to him because he so endorsed it at the time. The clerk also entered a notation in his rough minutes so stating, and the trial judge, in passing upon the motion, definitely found that the motion was presented to him within the thirty-day period.

It occurs to this court that in passing upon what is meant by the word "presented" as used in Rule 330(j) of T. R.C.P. the court should be liberal in its construction so as to favor the right of appeal rather than give such word a strict construction and thereby defeat the right of appeal. When an attorney for the party appealing files his motion or amended motion for a new trial and calls it to the attention of the trial court, and informs him that he is ready to present it for the court's action, he has done about all that he can do. As to just when and how the motion is heard by the court is a matter addressed to the discretion of the court and one which the litigant can not control. It is true that the litigant must present the motion to the court without qualification or reservation, and if the court immediately passes on the motion he is not in a position to complain.

■ In an advisory opinion rendered by the sub-committee on Interpretation of Texas Rules of Practice and Procedure in Civil Cases, the members of the committee unanimously agreed that if the record shows that as a matter of fact the motion was presented without any qualification or reservation within the thirty-day period, such presentation complies with Rule 330 (j), and the court may after the expiration of the thirty-day period hear argument and consider authorities in support or denial of the motion. 8 Tex.Bar Journal page 26. While this advisory opinion is not binding on the courts, we feel that in this instance it is very persuasive.

The motion is overruled.

### On the Merits.

**W. O. MURRAY, Chief Justice.**

This suit was instituted in the district court of Bexar County by Noel Rogers against Texas Livestock Marketing Association, seeking to recover damages for personal injuries suffered by him as the result of being run into by some cattle while on the defendant's premises at the Union Stockyards in San Antonio. The trial was to a jury and upon its answers to special issues submitted judgment was rendered in favor of plaintiff against defendant in the sum of $12,200, from which judgment the Texas Livestock Marketing Association has prosecuted this appeal.

■ Appellant's first point asserts error because two of the jurors allegedly concealed material information on their voir dire examination concerning their personal background, qualifications, interest and prejudice as jurors. The first question to be decided on this point is whether we can consider testimony offered after the amended motion for a new trial had been unqualifiedly presented to the court, but before the trail court had ruled upon the motion. All of the testimony on this point was introduced upon the thirty-first day after the filing of the amended motion for a new trial. In passing upon appellee's motion to dismiss the appeal, in a written opinion dated November 7, 1951, we determined that the amended motion was uncondition-

ally and unqualifiedly presented to the court within the thirty-day period and was not therefore overruled by operation of law. There was no testimony offered upon the point here raised prior to the presentment of the motion. If the court had then and there ruled upon appellant's amended motion he would have been compelled to overrule it, so far as this first contention is concerned, because it was not supported by any testimony. It has been definitely determined that the provisions of Rule 330 (j) of the T.R.C.P. are mandatory. Interpretation of Rules by Rules Committee, 5 T.B.J. 427, 8 T.B.J. 26; Vernon's Rules of Civ.Procedure, Franki, 1948 Sup. p. 464; Independent Life Ins. Co. of Am. v. Work, 124 Tex. 281, 77 S.W.2d 1036; Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031; Millers Mutual Fire Ins. Co. v. Wilkirson, 124 Tex. 312, 77 S.W.2d 1035.

It is plain from the reading of Rule 330 (j), that an appellant has ten days after judgment within which to file his motion for a new trial, twenty days thereafter within which to file his amended motion, and thirty days thereafter to present such motion to the trial court, and then the court has fifteen days thereafter to consider and rule upon the motion.

■ By presentment, as used in Rule 330(j), is meant that the appellant has reduced this motion to writing and filed it with the clerk, that he has filed all documentary evidence that he cares to file, that he has introduced all the testimony that he cares to offer, and that he has made all the argument that he cares to make, and has called the attention of the trial court to his motion or amended motion and has asked for a ruling on the same. Hughes Tool Co. v. N. L. R. B., 5 Cir., 147 F.2d 69, 73; N.L.R.B. v. North American Aviation, 9 Cir., 136 F.2d 898, 899; Words and Phrases, Vol. 33, Presentation.

The Committee on the interpretation of the Rules of Civil Procedure has held that it would not be inconsistent with the idea that a motion for a new trial had been presented to the court for the court to hear arguments and consider authorities within

the fifteen day period after presentment of the motion, but to permit the introduction of evidence for the first time during this period is certainly inconsistent with the idea that the motion has been unconditionally and unqualifiedly presented to the court for its action and especially is this true where the question under consideration can only be supported by oral testimony heard in open court, such as that of jury misconduct.

If a party can unconditionally and unqualifiedly present his motion for consideration and action by the court and thereafter, during the fifteen-day period intended for the use of the trial court in considering and ruling upon the motion, support his motion for the first time by offering testimony on the point and have this testimony considered by an appellate court in determining whether the trial court erred in overruling the motion, then this fifteen-day period will, in all probability, be taken up by the parties in introducing evidence and leave the trial court little or no time for the consideration of the motion.

■ Furthermore, the parties can by agreement extend this fifteen-day period indefinitely, and if they may introduce evidence during the fifteen-day period there is no reason why they can not introduce evidence during this extended period and thus we will find the parties offering evidence on their motion for a new trial many months after it was supposed to have been presented to the court for consideration and action. Unless Rule 330(j) is construed as requiring that all preliminary matters such as the introduction of evidence be gotten out of the way and completed within the thirty-day period, then the very purpose of the rule will fail and there will be great delay in passing upon motions for new trial by trial courts. Under the facts in this case, the testimony offered on the seventh day after the presentment of the amended motion for a new trial came too late and cannot be considered by us.

■ Appellant's points numbered 1, 14 and 15, are without merit and are over-ruled, because there is no evidence timely introduced in support of such points. Affidavits can not be considered in support of alleged jury misconduct, but the witnesses must be timely presented in court. Gulf, C. & S. F. R. Co. v. Harvey, Tex.Com. App., 276 S.W. 895; Oliphant v. Buie, Tex. Civ.App., 134 S.W.2d 751; Heid Brothers v. Bray, Tex.Civ.App., 7 S.W.2d 165; Adams v. Stark, Tex.Civ.App., 280 S.W. 1074; Ratliff v. Ft. Worth & R. G. Ry. Co., Tex.Civ.App., 245 S.W. 83.

The second point of appellant relates to the alleged improper argument of one of appellee's counsel to the jury. Appellant's bill of exception No. 1, discloses that while Ralph Brite, Esq., attorney for appellee, was addressing the jury the following argument was made and exception taken:

"Mr. Rogers has asked for $25,000.00; that may seem a lot of money, but we do not make any apologies in asking for that much money. I think we can all take judicial knowledge of what the dollar is worth compared to what it was ten or fifteen years ago. I believe the man was seriously hurt. I believe the doctor testified he possibly would have trouble the rest of his life; he is a man fifty-two years old; he has a brain injury that has caused him pain and suffering since this accident and he will very probably continue to have trouble the rest of his life. You can look at Mr. Rogers, just like I do—he is a man that has worked pretty hard all of his life —any man who has run a dairy has worked hard, and he is not going to be able to do that type of work in the future, and he is legally entitled to be compensated for it.

"Mr. Brown: Note our exception to the argument of counsel.

"Mr. Brite: I will withdraw it—I do not know what difference it makes; I withdraw that legally he is entitled to be compensated for it; I withdraw the legally.

"To be brief, all issues 2 thru 9 should be answered 'yes', and 10 thru 14 'no'.

"Mr. Brown: We except to that also.

"Mr. Brite: As I say, I am not trying to tell you what to do in Issue 15; that is entirely within your province.

"The Court: Gentlemen, if you have any exceptions to the argument on either side, if you want the Court to pass on them you will have to let the Court know what they are."

This does not present reversible error. The argument was not of such a highly prejudicial or inflammatory nature as that it could not be corrected by a withdrawal of same by counsel making the argument or by an instruction of the court to the jury to disregard the argument. It is plain that appellant's attorney did not press his exception to the point of calling upon the court to rule upon same and therefore he is in no position to complain because the court did not make a ruling. A part of the argument was voluntarily withdrawn by the attorney making it. Harmon v. Ketchum, Tex.Civ.App., 299 S.W. 682; Ramirez v. Acker, 134 Tex. 647, 138 S.W.2d 1054.

The statement of the attorney at the close of his argument asking the jury to answer certain issues "yes" and other issues "no" did not tell the jury the effect of their answers. Certainly, if a jury has listened to the introduction of all the evidence and the arguments of counsel, they must know that one side desires that the issues be answered in a certain way and that the other side has just the opposite desire. Texas Employers Ins. Ass'n v. Tate, Tex. Civ.App., 214 S.W.2d 877.

Appellant next contends that there was error in submitting issues two and three to the jury because such issues were a charge upon the weight of the evidence in that the jury could infer therefrom that appellant owed appellee a duty to keep the gate closed and further because such issues assume that appellant knew, or should have known, that the gate was open just before the injury to appellee occurred. By Issue No. 2, inquiry was made as to whether appellant was negligent in failing to close the gate in question, and by Issue No. 3, inquiry was made as to whether such negligence was the proximate cause of the injury. We overrule this contention. Appellee was a business invitee on the premises of appellant and it owed him the duty to take reasonable care for his safety on its premises, including opening and closing this gate at proper times. The gate was a permanent fixture upon appellant's premises and was used daily in its business. This case is not analogous to a so-called "banana peel" case.

Appellant next complains that Issue No. 4, was multifarious and duplicitous and should not have been submitted to the jury. We overrule this contention. Issue No. 4 reads as follows: "Do you find from a preponderance of the evidence that defendant knew, or, by the exercise of reasonable diligence, should have known that a herd of cattle was approaching defendant's alley in time to have closed the gate to said alley?"

Under the facts in this case, this was an ultimate issue and was properly submitted under Rule 279, T. R. C. P. Each fact issue does not necessarily have to be submitted, but in a proper case a number of evidentiary facts may be grouped, where taken together they constitute only one ultimate issue. 41 Tex.Jur. 1108; Speer's Law of Special Issues, p. 243.

Appellant next contends there was no evidence to support the submission of Issue No. 7 to the jury. Issue No. 7 relates to the failure of appellant to warn appellee of the approach of the cattle. This issue was raised by the evidence and was properly submitted to the jury.

Appellant next complains because the court permitted the jury to consider future mental and physical pain. We overrule this contention. Appellant points out that the expert medical testimony goes no further than to say it was possible that appellee have future suffering, however, appellee testified about his injuries. He testified, among other things, that his hip still pained him; that he still suffered from severe pains in the head and neck; that his head ached pretty nearly all the time and was aching as he testified; that he had been unable to do a full day's work since the injury, due to pain, and would not be able to do his work in the future unless he got better; that a week before the trial he had an attack with muscular cramping and much neck pain; that he had painful

attacks almost every day; especially when he tried to do his work or ride in an automobile; and that prior to this injury he had not had any such trouble. This testimony of appellee was sufficient to raise the issue of future pain and suffering. Dallas Railway & Terminal Co. v. Enloe, Tex.Civ. App., 225 S.W.2d 431; Austin Street Ry. Co. v. Oldham, Tex.Civ.App., 109 S.W.2d 235.

The judgment is affirmed.