VALLEY TRANSIT CO., Inc. et al.

v.

LOPEZ.

No. 12556.

Court of Civil Appeals of Texas.

San Antonio.

March 18, 1953.

Rehearing Denied April 22, 1953.

Kelley, Looney, McLean & Littleton, Edinburg, Kampman & Kampman, San Antonio, for appellants.

Carter, Stiernberg, Blanton & Skaggs, Harlingen, Crain, Muggley, Hardy & Colvin, San Benito, for appellee.

PER CURIAM.

Appellee, Refugio Lopez, has filed a motion to strike the transcript and statement of facts and to dismiss the appeal because the record was not filed within the time allowed by Rule 386, Texas Rules of Civil Procedure.

The facts are as follows:

On October 24, 1952, judgment was rendered on the verdict of the jury.

Prior thereto, on October 6, 1952, appellant Ernest E. Marroquin had filed his motion for a new trial, which was in fact prematurely filed.

On November 3, 1952, appellant Valley Transit Company, Inc., filed its original motion for a new trial.

On December 4, 1952, appellant Valley Transit Company, Inc., attempted to file an amended motion for a new trial, but this amended motion was a nullity because not filed within the twenty days provided for by Rule 330(k), Texas Rules of Civil Procedure, and can be entirely disregarded. Tunstill v. Scott, Tex.Civ.App., 182 S.W.2d 734.

On November 3, the motion for new trial was set for November 14. Thereafter this setting was changed to December 4. On December 9, 1952, the trial court entered an order purporting to overrule the motion for new trial, which affirmatively shows that said motion was not presented within the thirty-day period prescribed by Rule 330(j). It was recited therein that the motion was *presented* on December 4, which was more than thirty days after the date of rendition of judgment. Under the rule, "if a motion for new trial duly filed, whether the original motion or the amended motion, is not *presented* within 30 days after the date of its filing, it is overruled by operation of law at the expiration of such 30-day period." Dallas Storage & Warehouse Co. v. Taylor, 124 Tex. 315, 77 S.W.2d 1031, 1034. The order of December 9, 1952, was ineffective because the motion had been overruled by operation of law on December 3, 1952. Independent Life Ins. Co. of America v. Work, 124 Tex. 281, 77 S.W.2d 1036; Texas Livestock Marketing Ass'n v. Rogers, Tex.Civ.App., 244 S.W.2d 859; Bingham v. Kimbrell, Tex.Civ.App., 241 S.W.2d 252; Jordan v. Madison, Tex. Civ.App., 241 S.W.2d 193; Barnes v. Raymer, Tex.Civ.App., 224 S.W.2d 516; Na-

tional Life & Accident Ins. Co. v. Collins, Tex.Civ.App., 224 S.W.2d 285; Aldridge v. General Mills, Inc., Tex.Civ.App., 188 S.W. 2d 407; Horwitz v. Finkelstein, Tex.Civ. App., 182 S.W.2d 751; 4 McDonald, Texas Civil Practice, 1434, § 18.06.

In Texas Livestock Marketing Ass'n v. Rogers, supra, we defined presentment, as used in Rule 330(j), supra, as follows [244 S.W.2d 862]:

> "By presentment, as used in Rule 330(j), is meant that the appellant has reduced this motion to writing and filed it with the clerk, that he has filed all documentary evidence that he cares to file, that he has introduced all the testimony that he cares to offer, and that he has made all the argument that he cares to make, and has called the attention of the trial court to his motion or amended motion and has asked for a ruling on the same. Hughes Tool Co. v. N. L. R. B., 5 Cir., 147 F.2d 69, 73; N. L. R. B. v. North American Aviation, 9 Cir., 136 F.2d 898, 899; Words and Phrases, Vol. 33, Presentation."

 Appellant Ernest E. Marroquin's administrator's motion for a new trial was prematurely filed on October 6, 1952, and under the provision of Rule 306c, T. R. C. P., it would be regarded as filed as of the day judgment was rendered, which was October 24, 1952, the motion not having been presented until December 4, 1952, was overruled by operation of law under the provisions of Rule 330(j), supra, on November 23, 1952. This appellant, not being required to file an appeal bond, had sixty days under the provisions of Rule 386, T. R. C. P., from November 23, 1952, within which to file the transcript and statement of facts in this Court, or until January 22, 1953.

■ Appellant Valley Transit Company, Inc., did not file an appeal bond until January 3, 1953, which was the thirty-first day after its motion for a new trial had been overruled by operation of law and was ineffective to perfect an appeal by it to this Court.

■ No transcript or statement of facts was tendered to this Court until February 12, 1953, which was twenty days late, so far as appellant Ernest E. Marroquin, Administrator, was concerned. It is therefore apparent that neither appellant has properly perfected an appeal to this Court.

Accordingly, the attempted appeal will be dismissed.