Miles F. McDonald, J.
This is an article 78 proceeding brought on by the petitioner by notice of 'motion dated March 8, 1967 which was served on the Board of Standards and Appeals on March 10,1967. The motion was made returnable at Special Term, Part I of this court on April 3, 1967.
Petitioner seeks to review a determination made by the Board of Standards and Appeals which unanimously affirmed an order of the Fire Commissioner, dated December 30, 1965. The decision of the Board of Standards and Appeals was published in its bulletin on February 9, 1967.
The respondent Board of Standards and Appeals, by notice of motion dated March 31, 1967, returnable April 3, 1967, cross-moves for an order and judgment dismissing the petition pursuant to CPLR 7804 (subd. [c]) upon the ground that the petition is untimely in that it was not presented to a Justice of the Supreme Court or at a Special Term of the Supreme Court within the time specified by section 668e-1.0 of the Administrative Code of the City of New York which section provides that “ such petition must be presented to a justice of the supreme court or at a special term of the supreme court within thirty days after the filing of the decision in the office of the board, or its publication in the bulletin.” Respondent contends that, although the notice of motion and petition was served on it within the 30-day period, it was not presented to a Justice of the Supreme Court or at a Special Term of the Supreme Court within 30 days as required by the provisions of section 668e-1.0 of the Administrative Code.
*799 This court is of the opinion that the petition was “ presented to a justice of the supreme court or at a special term of the supreme court ” in the fair sense of section 668e-1.0 of the Administrative Code when within the time limitation prescribed by said section the petitioner invoked the jurisdiction of the court by instituting the proceeding by way of notice of motion which was duly served upon the respondent within the 30-day period (see Matter of Barns v. Osborne, 286 N. Y. 403; Matter of Satin v. Board of Stds. & Appeals of City of N. Y., 12 A D 2d 526; Matter of Kohnberg v. Murdock, 4 AD 2d 750).
It is well to note that the writ of certiorari has been abolished by article 78 of the CPLB and its former counterpart under the former Civil Practice Act. CPLB 7804 prescribes the method of procedure in an article 78 proceeding. The proceeding may be commenced either by order to show cause or by a notice of motion. CPLB 7804 (subd. [c]) provides that if the proceeding is commenced, as in the instant case, by a notice of motion and petition that same shall be served on the adverse party at least 20 days before the time at which the petition is noticed to be heard. This was done in this case.
It would be a strained construction to hold that in a proceeding like the one at bar that the proceeding would only be duly commenced if the petition were literally presented to a Justice of this court or at a Special Term of the Supreme Court as provided in section 668e-1.0 of the Administrative Code. Such a narrow and technical construction of the language provided in section 668e-1.0 would not only work great confusion but would be violative of the fundamental principles of due process. It is apparent from a reading of Matter of Barns, Matter of Satin and Matter of Kohnberg (supra) that the Court of Appeals and the Appellate Division, Second Department, have fairly and liberally construed the language of statutory provisions which impose a time limitation for the commencement of an action or special proceeding so as not to deprive a litigant of his day in court.
According to Webster’s New International Dictionary, Second Edition, the word “present” used in the sense of “to present ” means “ to lay before, or submit to, a person or body for consideration or action” (see, also, National Labor Relations Bd. v. North Amer. Aviation, 136 F. 2d 898). While it is true that the four-month limitation placed for the commencement of an article 78 proceeding does not apply in this case (CPLR 217) and that the 30-day limitation as provided in section 668e-1.0 of the Administrative Code applies, nevertheless the provisions of CPLR 7804 which define the procedure to be *800 followed-apply. The petitioner having complied with the procedure as outlined in CPLR 7804 (subd. [e]) has invoked the jurisdiction of the court (CPLR 304).
CPLR 304 provides that “ a special proceeding is commenced and jurisdiction acquired by service of a notice of petition or order to show cause.” Thus, there can be no doubt that the service of the notice of motion and petition in the instant case invoked the jurisdiction of the court. Furthermore, due process of law has been complied with in this proceeding. The test of due process is twofold (1) fair notice of the charge or claim made; and (2) a fair opportunity to defend. Thus, as heretofore stated, this court is of the opinion that the petition in the instant proceeding was “ presented to the court” in the fair sense of section 668e-1.0 of the Administrative Code of the City of New York within the time limit prescribed by that section and that the jurisdiction of the court was invoked in accordance with the statutory provisions which regulate the practice respecting motions and orders (Matter of Barns, Matter of Satin, Matter of Kohnberg, supra).
Accordingly, the respondent’s motion to dismiss the petition is denied.